Robert A. EDWARDS,
Petitioner-Appellee,

v.

STATE OF LOUISIANA,
Respondent-Appellant.

No. 75–2370
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1975.

Certiorari Denied Jan. 26, 1976.
See 96 S.Ct. 882.

Joseph B. Tosterud, Jr., Asst. Dist. Atty., New Orleans, La., William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Harry F. Connick, Dist. Atty., Orleans Parish, New Orleans, La., for respondent-appellant.

Robert A. Edwards, pro se.

Before WISDOM, BELL and CLARK, Circuit Judges.

PER CURIAM:

The State of Louisiana has appealed from the district court's renewed judgment conditioning the grant of habeas corpus relief to Robert A. Edwards on the allowance of an out-of-time appeal. A similar conditional order was entered April 2, 1973. The state took no action following this first order but sought to appeal from the actual issuance of the writ in an order entered November 5, 1973. This court denied it relief on the ground that the April 2, 1973 order was a final judgment and that no appeal had been taken within the time permitted. Our mandate noted, however, that the state was not precluded from petitioning the district court for relief from the April 2, 1973 order under Rule 60(b), Fed.R.Civ.P. We also noted that, if relief was granted, the merits of the matter were open to possible reconsideration under two cases then pending before this court en banc, *Fitzgerald v. Beto*, 479 F.2d 420 (5th Cir. 1973) and *West v. Louisiana*, 478 F.2d 1026 (5th Cir. 1973). After both *Fitzgerald*[1] and *West*[2] were decided by the *en banc* court and in response to the state's motion, the district judge on March 31, 1975, vacated the April 2, 1973 order and entered a new

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

1. *Sub nom, Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1974).

2. 510 F.2d 363 (5th Cir. 1975).

order which again granted habeas relief conditional upon the state's willingness to grant an out-of-time appeal to Edwards within 120 days. The instant appeal comes from the reentered order and is timely. We reverse the judgment insofar as it would grant the writ to the appellee.

Edwards is confined by authority of a 25-year sentence for armed robbery imposed by the Criminal District Court for the Parish of Orleans. No direct appeal was taken from this conviction.

In his federal habeas petition appellant alleged that: (1) he was denied a direct appeal by the actions of his privately-retained counsel; (2) he was arrested without probable cause; (3) he was denied effective assistance of counsel prior to and during trial; and (4) the state introduced illegal and prejudicial testimony at his trial. We agree with the district court's ruling, following a hearing, there that appellee produced insufficient evidence to support any of the latter three contentions.

Relying on our holding in *Arrastia v. United States*, 455 F.2d 736 (5th Cir. 1972) and *Atilus v. United States*, 406 F.2d 694 (5th Cir. 1969), the district court granted conditional habeas relief to Edwards on the ground that his counsel's failure to perfect a direct appeal amounted to a denial of effective counsel and of due process. However, subsequent to the entry of the district court's March 31, 1975 order now before us, this court decided *Kallie v. Estelle*, 515 F.2d 588 (5th Cir. 1975) and *Malone v. Alabama*, 514 F.2d 77 (5th Cir. 1975). These cases hold that failure of retained counsel to adequately inform a defendant of his right to appeal or to proceed with such an appeal once it is requested by a defendant, without more, does not so involve the state in the abridgment of the defendant's rights as to constitute a Fourteenth Amendment violation. In the instant case there is no indication that the Louisiana trial court or any of its responsible officials knew or should have known of retained counsel's failure to inform Edwards of his appellate

rights, or that counsel would not proceed further after Edwards had made known to his counsel he desired an appeal. *See Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1974). It follows that the judgment appealed from must be reversed insofar as it grants the writ of habeas corpus to the appellee. Insofar as the district court refused to grant habeas corpus relief on Edwards' remaining contentions, that judgment is affirmed.

Affirmed in part, reversed in part and remanded.