Thomas Clifford McGOWAN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–1765

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 3, 1976.

Robert M. Helton, Wichita Falls, Tex. (Court-appointed), for petitioner-appellant.

Michael P. Carnes, U. S. Atty., Ronald C. H. Eddins, Gerhard Kleinschmidt, Asst. U. S. Attys., Fort Worth, Tex., for respondent-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Thomas Clifford McGowan was convicted of unlawfully possessing a sawed-off shotgun in violation of 26 U.S.C. § 5861(d) and 5871. He took no direct appeal from that conviction. He has petitioned the court below for relief under 28 U.S.C. § 2255, contending that he requested and paid his retained attorney to appeal his conviction, but the attorney had failed to do so. McGowan argued that in the circumstances his retained counsel's failure to appeal constituted a deprivation of his constitutional rights to adequate and competent representation. After an evidentiary hearing on McGowan's § 2255 motion, the district court made the following findings:

> Petitioner retained counsel H. Dale Bailey to represent him at this trial and paid Bailey $1,200 for his services. Counsel's fee extended to the trial of the case only and not to any appeal.

> Petitioner failed to make any arrangement for the appeal of his case even though he was aware of his right to appeal and the necessity of giving notice of appeal within ten days of sentencing and that petitioner was entitled to proceed *in forma pauperis* with court appointed counsel if he could not afford an appeal.

> .    .    .    .    .

> The failure to appeal petitioner's conviction was not due to the inadequacies of his retained counsel's representation of him  .   .   .

> There was no evidence of fraud or deceit in retained counsel's representation of petitioner in this matter.

The district court concluded that McGowan's claims "that his constitutional rights

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

have been violated are not supported by the facts in this case," and accordingly denied relief. We have carefully examined the record and find the decision of the district court to be free of error. *See Brewen v. United States,* 5 Cir. 1967, 375 F.2d 285, *on appeal following remand,* 1968, 396 F.2d 350. *See also Fitzgerald v. Estelle,* 5 Cir. 1975, 505 F.2d 1334 (*en banc*); *Edwards v. Louisiana,* 5 Cir. 1975, 520 F.2d 321, *cert. denied,* 1976, 423 U.S. 1089, 96 S.Ct. 882, 47 L.Ed.2d 100. The denial of relief is AFFIRMED.