UNITED STATES of America,
Plaintiff-Appellee,

v.

Charlie Clinton CHILDS,
Defendant-Appellant.

No. 77–5571
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 13, 1978.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Stephen A. Kermish, Atlanta, Ga., for defendant-appellant.

Barry E. Teague, U. S. Atty., Charles R. Niven, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion March 3, 1978, 5 Cir., 1978, 569 F.2d 1154 [table]).

Before MORGAN, CLARK and TJOFLAT, Circuit Judges:

PER CURIAM:

The original unpublished opinion of the court entered March 3, 1978, is withdrawn and the following opinion is substituted therefor.

Charlie Clinton Childs appeals his conviction by a jury for theft of government property, a violation of 18 U.S.C.A. § 641. Childs contends that the inadequate performance of his retained counsel violated his sixth amendment rights, that evidence used at his trial was the product of searches of his car and trailer in violation of his fourth amendment rights, and that the judge's instructions to the jury were misleading.

▮ To establish a denial of the sixth amendment right to counsel where defendant retained his own counsel requires a showing either (1) that retained counsel performed so poorly as to render the proceedings fundamentally unfair or (2) that retained counsel's conduct fell short of reasonably effective assistance and some responsible government official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused. *See Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir. 1975) (en banc).

In *Fitzgerald*, we reviewed a conviction in state proceedings, but the reasoning in that case also applies to review of a conviction in federal proceedings. The sixth amendment right to counsel runs either directly against the federal government or indirectly against a state government through the Due Process Clause of the fourteenth amendment. It covers a greater range of counsel errors than does the fundamental fairness standard embodied in the concept of due process. For a petitioner to avail himself of the sixth amendment standard, "reasonably effective assistance of counsel," *Fitzgerald* requires him to show that the authority conducting the trial and owing the sixth amendment right—whether state or federal—had some connection with the incompetent representation by retained counsel. *Fitzgerald* rejected the analysis that every action of retained counsel is attributable to the authority conducting the trial. Such reasoning would have placed under the control of the defendant, his selected attorney, or both, the power to abort the proceedings by design as well as neglect. The concerns we expressed in *Fitzgerald* apply equally in the case at bar and our reasoning in *Fitzgerald* governs our disposition of Childs' appeal.

▮ In reviewing the performance of counsel in conducting a defense, we have looked for specific examples of counsel's conduct which rendered his defense of the accused less than reasonably effective under the totality of the circumstances. *United States v. Gray*, 565 F.2d 881 (5th Cir. 1978). The specific instances of alleged ineffectiveness pointed out by Childs do not raise a serious question that counsel's performance was any less than reasonably effective. Childs contends that his counsel neglected to file a timely motion to suppress the fruits of two allegedly illegal searches, failed to raise before the jury the issue of the voluntariness of the consent to search, and did not prepare adequately for the defense because Childs was expected to plead guilty. While the court chided Childs' attorney for the late filing of the suppression motion, the untimeliness did not prejudice the case, because the district judge

expressly denied the motion also on the grounds that it lacked merit. The record indicates that counsel made a conscious tactical decision to abandon the voluntariness issue before the jury. Childs contended that he believed the allegedly stolen government property was rightfully in his possession. Arguing to the jury that he would not have voluntarily permitted a search would have undercut this contention. Moreover, in his testimony at trial, Childs virtually admitted that he consented to the search voluntarily. Finally, although the record does show that counsel believed Childs would plead guilty, Childs has not pointed to specific instances of inadequate representation which occurred because of inadequate preparation. Because Childs has shown no specific instances of inadequate representation by his retained counsel, we do not reach the other points of the analysis necessary to determine that he has shown a violation of his sixth amendment rights. *See Fitzgerald v. Estelle, supra.*

Childs' other claims are without merit. When read in context, the judge's charge properly instructed the jury on the intent requirement. The search of Childs' car fell squarely within the plain view exception to the warrant requirement and the court properly determined that Childs voluntarily gave officers signed consent to search his trailer.

The judgment of the district court is affirmed. Except as the prior opinion is modified herein, the petition for rehearing is

DENIED.