**Antonio PEREZ, Petitioner-Appellee,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellant.**

No. 78–1346.

United States Court of Appeals, Fifth Circuit.

May 1, 1979.

Rehearing and Rehearing En Banc Denied July 13, 1979.

Robert L. Shevin, Atty. Gen., Anthony C. Musto, Margarite Esquiroz, Asst. Attys. Gen., Miami, Fla., for respondent-appellant.

Karen M. Gottlieb, Asst. Public Defender, Bennett H. Brummer, Public Defender, Miami, Fla., for petitioner-appellee.

Before MORGAN, FAY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This case requires us to consider once again the constitutional standards by which the actions of counsel retained to defend the accused in a state court proceeding are to be measured when the lawyer has been shown to have been derelict in his duties. Antonio Perez brought this habeas corpus petition attacking a seven year sentence imposed after a jury verdict in a Florida court. The sole ground of error alleged is that retained counsel [1] failed to perfect his appeal, after promising Perez to do so and falsely stating in open court at the time of sentencing that a notice of appeal had already been filed.

After failing to secure habeas relief in the Florida District Court of Appeal, Perez filed a petition with the United States District Court, alleging that he had been denied the reasonably effective assistance of counsel, guaranteed by the sixth amendment, and that the proceeding was rendered fundamentally unfair by his lawyer's failure to perfect an appeal, in violation of his right to due process under the fourteenth amendment. The district court, after finding that Perez had exhausted the available state remedies, held that Perez's sixth amendment rights had not been violated because the state neither knew of counsel's failure nor was involved in his dereliction; however, the court agreed that Perez had been denied due process of law under the fourteenth amendment, and granted habeas corpus on that basis.

The state has appealed from the order granting habeas corpus, contending that Perez did not exhaust available state remedies and that, under the law of this circuit, counsel's failure to appeal his conviction did not render the proceedings fundamentally unfair. While we agree that Perez exhausted the available state remedies, and that he was not entitled to the protection of the sixth amendment, we are precedent-

1. Perez was originally represented by the public defender. However, his family retained private counsel, who represented Perez at trial.

The public defender has represented Perez in this federal collateral proceeding.

bound to reverse the grant of habeas corpus.

■ The court's finding that Perez exhausted available state remedies is manifestly correct. The state pointed out that the Supreme Court of Florida has not had an opportunity to review its 1967 decision in which it rejected incompetence of retained counsel as a valid basis for post-conviction relief. *Cappetta v. Wainwright*, Fla.1967, 203 So.2d 609. The premise of the argument is that the Supreme Court of Florida might be disposed to change its view after considering later decisions by this and other courts in which similar claims have been recognized; but we have already considered and rejected this thesis in *United States ex rel. Reis v. Wainwright*, 5 Cir. 1976, 525 F.2d 1269. We there held that a Florida prisoner was not required to seek *any* collateral relief in the state appellate system before presenting a claim of incompetent private counsel to the district court. After reviewing Florida authority, we noted that there was no indication that a Florida court would depart from its line of decisions that refused to recognize claims based on the incompetence of retained counsel. The speculation of the state concerning what the Florida Supreme Court might or might not do if it were presented with Perez's claim,[2] is insufficient reason for us to abandon our decision in *Reis*. Having found that it was proper to examine the petition, we now review the district court's resolution of the constitutional claims.

■ In an en banc decision, the circuit examined the relationship between claims based on counsel's dereliction brought under the fourteenth amendment as a result of its direct guarantee of due process and those that invoke it because it also incorporates

sixth amendment protection. *Fitzgerald v. Estelle*, 5 Cir. en banc 1974, 505 F.2d 1334, *cert. denied*, 1975, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675. The fourteenth amendment guarantee of due process of law is violated only if the conduct of counsel renders the trial fundamentally unfair, whether or not the state is involved in or knows of counsel's failing, "because the system has failed, and the state's consequent imprisonment or fine of the defendant is fundamentally wrong." *Id.* at 1336.

When the "incorporated sixth" is invoked, there must be state involvement to constitute a denial of the right to counsel:

> To find state involvement in retained counsel's conduct which is adjudged to be less than reasonably effective, yet not so grossly deficient as to render the proceedings fundamentally unfair, it must be shown that some responsible state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused. That the trial judge and the prosecutor have such a capacity and duty is unquestionable. Therefore, if the trial judge or the prosecutor can be shown to have actually known that a particular defendant is receiving incompetent representation and takes no remedial action, the state action requirement is satisfied. If they directly participate in the incompetency, it is even more so. Furthermore, if the incompetency of a retained attorney's representation is so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it then again the state action requirement is satisfied.

*Id.* at 1337. *See also United States v. Childs*, 5 Cir. 1978, 571 F.2d 315, 316.

---

2. *See also Williams v. Wainwright*, 5 Cir. 1971, 452 F.2d 775, where Judge Roney reviewed the relationship between the Florida Supreme Court and the Florida District Courts of Appeal. He found that the state district courts are not intermediate appellate courts, but are intended to be "the 'end of the road' for most appeals." *Id.* at 776. The Florida Supreme Court will review cases only if "the decision sought to be reviewed conflicts with a decision

of the Florida Supreme Court or a decision of a different district court of appeals." *Id.* at 777. It is clear from *Reis* that the decision of the district court of appeals with respect to Perez's claim was not in conflict with any decision of the state supreme court or any other district court of appeal. Thus, there is no reason to expect that the state supreme court would even accept Perez's case for review.

In at least one case decided since *Fitzgerald* this circuit has granted relief because state trial officials had actual or constructive notice of the private counsel's incompetence. In *Cantrell v. Alabama,* 5 Cir. 1977, 546 F.2d 652, *cert. denied,* 431 U.S. 959, 97 S.Ct. 2687, 53 L.Ed.2d 278, the court found that the state attorney general had actual knowledge of the defective assistance at a time when the attorney's error could have been corrected. Instead of seeking correction of the error (submission of an uncertified transcript), the attorney general moved for dismissal of the appeal on the basis of the mistake. As the district court noted, a substantially greater degree of state involvement and knowledge was evident in that case than is found in this situation.

In contrast, panels of this court have been unable to find sufficient state involvement in other situations. In *Malone v. Alabama,* 5 Cir. 1975, 514 F.2d 77, *cert. denied,* 423 U.S. 990, 96 S.Ct. 403, 46 L.Ed.2d 309, the court held that no state official was aware or should have been aware that the defendant's privately retained counsel had not informed him of his right to appeal in forma pauperis with court-appointed counsel or that the decision to drop the appeal was against the wishes of the defendant. Similarly, in *Kallie v. Estelle,* 5 Cir. 1975, 515 F.2d 588, *cert. denied,* 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391, the court decided that it could not charge state officials with constructive notice simply because the defense attorney failed to request a transcript or file a brief after giving an otherwise valid oral notice of appeal. *Accord, Edwards v. Louisiana,* 5 Cir. 1975, 520 F.2d 321, *cert. denied,* 1976, 423 U.S. 1089, 96 S.Ct. 882, 47 L.Ed.2d 100.

■ Perez contends that state trial officials knew or should have been aware of the incompetence of his lawyer when the attorney asserted at sentencing that a notice of appeal had already been filed when in fact the notice had not been, and never was, prepared. If a notice of appeal had been filed prior to sentencing, it would not have

preserved Perez's rights under Florida law as it was interpreted at the time of trial. *State ex rel. Faircloth v. Cross,* Fla.1970, 238 So.2d 81; *Holmes v. State,* Fla.App. 1972, 267 So.2d 344; Florida Appellate Rule 6.2, 32 Fla.Stat.Ann. (West 1967). *Compare Williams v. State,* Fla.1975, 324 So.2d 74 (announcing new rule subsequent to Perez's trial that premature filing is not subject to dismissal but does not vest jurisdiction in appellate court until judgment or sentence is rendered).[3] The district court found that the attorney's oral statement to the trial court was insufficient to warn the trial court that something was amiss and cause it to inquire so as to be certain that Perez's appeal would be perfected.

It is apparent that the state was not so clearly apprised of the incompetence of Perez's lawyer as were the state officials in *Cantrell.* On the other hand, the lawyer's statement that an appeal had already been filed, made at a time when such a notice of appeal clearly was ineffective under the Florida rules, was more of a clue that something might be amiss than the events in *Malone, Kallie* and *Edwards.* Yet we cannot say that the warning was so clear or the possibility of dereliction so evident as to find the district court's determination erroneous. Something more is required to constitute state action than the failure of a state official to pick up and follow a scent that might uncover the fault of a privately retained lawyer. *See Fitzgerald, supra,* 505 F.2d at 1337.

After rejecting Perez's incorporated-sixth-amendment challenge, the district court examined his claim under the fourteenth amendment; as discussed above, the test set forth in *Fitzgerald,* is whether the action, albeit unknown to state officials, rendered the trial "fundamentally unfair." *Id.* at 1336.

■ On three other occasions we have interpreted the direct fourteenth amendment *Fitzgerald* test with respect to claims that counsel's failure to appeal a state court

---

**3.** The lawyer's assertion in court after sentencing was equally ineffective to perfect an appeal, as a written notice of appeal is required in Florida. Florida Appellate Rule 6.4.

conviction constituted a taint of fundamental unfairness. In *Postel v. Beto,* 5 Cir. 1975, 508 F.2d 679, *cert. denied,* 423 U.S. 853, 96 S.Ct. 100, 46 L.Ed.2d 78, we upheld the denial of habeas relief to a defendant whose lawyer had failed to notify him of his right to appeal. The court found that the district court "had ample basis for concluding that the actions of retained counsel did not operate to deprive the trial of fundamental fairness." *Id.* at 680. In *Malone v. Alabama, supra,* we affirmed denial of habeas relief to a defendant whose counsel gave oral notice of appeal but failed to file a brief with the state appellate court. Finally, in *Kallie v. Estelle, supra,* we relied on the earlier cases to affirm the denial of habeas to a prisoner whose retained attorney gave oral notice of appeal in open court, but failed to request a transcript and did not present an appellate brief to the trial court as required under Texas law. In *Malone* and *Kallie,* retained counsel aborted the defendant's right to appeal by failing in their duty to perfect the appeal after orally notifying the court that an appeal was contemplated.

In the present case, counsel made a false statement in open court when he said that a notice of appeal had already been filed. This was a violation of his duty to the court, but it was no more a violation of his duty to the defendant and created no greater flaw in the trial than did the failure of retained counsel to do what had been promised in *Malone* and *Kallie.*

We are therefore unable to agree with the district court that these decisions should be distinguished on the basis that Perez's lawyer's statement in open court that an appeal had already been filed was "an active course of conduct" that could "only be characterized, at the very least, as a wilful disregard for the responsibility placed upon him by the system." The lawyer wilfully disregarded his professional responsibility in all of these cases; the only factual difference here was that counsel misled the court as well as his client.

What is or is not "fundamental unfairness" cannot of course be identified by litmus. Ultimately the characterization is visceral and emotional. Indeed the very term "fundamentally unfair" has pejorative overtones. Were we approaching the issue for the first time, we would hold, as did the district judge, that, when a lawyer, by definition a member of a learned profession and a member of the bar of the court, does not perform his promise to his client that an appeal will be taken, fairness requires that the deceived defendant be granted an out-of-time appeal. The appeal might be fruitless but it would at least be heard.

Our sentiments are repressed by our duty to adhere to the prior decisions that we cannot distinguish. Those decisions also command the course the district court should have taken.

For these reasons, the judgment of the district court granting a writ of habeas corpus, is *REVERSED.*

REVERSED.