HERSEY, Judge.
Appellant, convicted of trafficking in cocaine in violation of Section 893.135 Fla. Stat. (1979), appeals on several grounds, two of which we believe have merit.
The record discloses a factual pattern that might well sustain the conclusion that a conflict of interest may have prevented appellant from receiving effective assistance of counsel at the trial level. It would be inappropriate for this Court to substitute its factual finding for that of the trial court. Nonetheless, we believe the trial court should be given the opportunity to revisit this issue in light of the holding of Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) with reference to privately retained counsel.
We also observe that appellant’s situation falls within the mandatory ambit of the youthful offender statute, § 958.04(2)(a)(b), Florida Statutes (1979). See Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980).
We therefore reverse and remand with instructions that the trial court consider the allegations concerning counsel’s conflict of interest, in view of Cuyler v. Sullivan, supra, and further, if appellant is to be sentenced, it is to be as a youthful offender pursuant to the statute.
REVERSED AND REMANDED WITH INSTRUCTIONS.
GLICKSTEIN, J., and LEONARD RIVKIND, Associate Judge, concur.