Jose TORNA, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellee.

No. 79–3140.

United States Court of Appeals, Fifth Circuit. Unit B

June 29, 1981.

Geoffrey C. Fleck, Miami, Fla., for petitioner-appellant.

Steven R. Jacob, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

* Judge of the United States Court of Customs & Patent Appeals, sitting by designation.

Before MILLER *, Judge, and FRANK M. JOHNSON, Jr. and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Jose R. Torna filed a petition for habeas corpus under 28 U.S.C.A. § 2254 attacking a sentence of fifteen years that was imposed by the Circuit Court of the Eleventh Judicial Circuit, Dade County, Florida. The petitioner is currently in the custody of the defendant Wainwright pursuant to that sentence.

Torna advances several grounds for relief. We decide only one, *viz.*, denial of his right to effective assistance of counsel because his retained counsel failed to file a timely petition for writ of certiorari to the Florida Supreme Court.

The record reflects that Torna appealed directly from his conviction to the Third District Court of Appeals for the State of Florida. That court affirmed. *Torna v. State*, 358 So.2d 1109 (Fla. 3d DCA 1978). Torna then attempted to invoke the jurisdiction of the Supreme Court of Florida by application for a writ of certiorari. The retained counsel failed to timely file the application and the Supreme Court dismissed for lack of jurisdiction. *Torna v. State*, 362 So.2d 1057 (Fla.1978).

The United States District Court for the Southern District of Florida dismissed Torna's application for the writ of habeas corpus, ruling, as to the issue involving the alleged denial of effective assistance of counsel, (1) that no ground for federal relief was presented and (2) that under a "fundamental fairness" standard applicable to the conduct of privately retained counsel, the failure to timely file a notice for certiorari did not constitute ineffective assistance of counsel. The district court found no deprivation of a "right to appeal."

As stated, on this appeal Torna challenges the denial of habeas relief on the ground that he was denied his constitutional right to the effective assistance of counsel under the Sixth and Fourteenth Amendments.

While the district court was correct in observing that a violation of state procedural law, by itself, is not a proper subject for federal habeas corpus review, see *Davis v. Wainwright*, 547 F.2d 261, 264 (5th Cir. 1977); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970), we cannot agree with the holding of the district court that Torna was not denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments.

The district court proceeded on the basis, justified by then existing precedent, that the effectiveness of court-appointed and privately retained counsel was subject to consideration under different standards. On one hand, the failure of court-appointed counsel to file a timely notice of certiorari in the Florida Supreme Court has been held to constitute ineffective assistance. *Pressley v. Wainwright*, 540 F.2d 818, 820 (5th Cir. 1976), *cert. denied*, 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977). On the other hand, this Court in *Edwards v. Louisiana*, 520 F.2d 321, 322 (5th Cir. 1975), *cert. denied*, 423 U.S. 1089, 96 S.Ct. 882, 47 L.Ed.2d 100 (1976), held that "failure of retained counsel to adequately inform a defendant of his right to appeal ... without more, does not so involve the state in the abridgment of the defendant's rights as to constitute a Fourteenth Amendment violation". The *Edwards* result was reached under the standard for evaluating the effectiveness of retained counsel enunciated by the *en banc* Court, *Fitzgerald v. Estelle*, 505 F.2d 1334, 1336 (5th Cir. 1974), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975), which held that a habeas corpus petitioner must demonstrate that the actions of retained counsel were so grossly deficient as to render the proceedings "fundamentally unfair." The *Fitzgerald* Court was reluctant to apply the "greater range" of the Sixth Amendment right to

effective assistance to actions of retained counsel, feeling that in the ordinary case the necessary "state action" ingredient was tenuous; no such problem was found to exist where counsel were appointed by the state. *Id.* at 1336–37.

We are compelled by the recent decision of the Supreme Court to apply the rule of *Pressley*. In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Court stated:

Our decisions make clear that inadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amendment. A guilty plea is open to attack on the ground that counsel did not provide the defendant with "reasonably competent advice." *McMann v. Richardson*, 397 U.S. 759, 770–771 [90 S.Ct. 1441, 1448–1449, 25 L.Ed.2d 763] (1970); see *Tollett v. Henderson*, 411 U.S. 258, 267 [93 S.Ct. 1602, 1608, 36 L.Ed.2d 235] (1973). Furthermore, court procedures that restrict a lawyer's tactical decision to put the defendant on the stand unconstitutionally abridge the right to counsel. *Brooks v. Tennessee*, 406 U.S. 605, 612–613 [92 S.Ct. 1891, 1895, 32 L.Ed.2d 358] (1972) (requiring defendant to be first defense witness); *Ferguson v. Georgia*, 365 U.S. 570, 593–596 [81 S.Ct. 756, 768–770, 5 L.Ed.2d 783] (1961) (prohibiting direct examination of defendant). See also *Geders v. United States*, 425 U.S. 80 [96 S.Ct. 1330, 47 L.Ed.2d 592] (1976); *Herring v. New York*, 422 U.S. 853 [95 S.Ct. 2550, 45 L.Ed.2d 593] (1975). Thus, the Sixth Amendment does more than require the States to appoint counsel for indigent defendants. The right to counsel prevents the States from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance.

A proper respect for the Sixth Amendment disarms petitioner's contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel. We may assume with confi-

dence that most counsel, whether retained or appointed, will protect the rights of an accused. But experience teaches that, in some cases, retained counsel will not provide adequate representation. The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant's entitlement to constitutional protection. Since the State's conduct of a criminal trial itself implicates the State in the defendant's conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers.

*Id.* at 344–45, 100 S.Ct. 1708, 1716 (footnotes omitted). Thus the Supreme Court has made it clear that there is no distinction between court-appointed and privately retained counsel in the evaluation of a claim of ineffective assistance.

At the time of the decision in *Cuyler*, the decision of this Court in *Perez v. Wainwright*, 594 F.2d 159 (5th Cir. 1979), was pending on writ of certiorari. The Supreme Court vacated *Perez* and remanded it for reconsideration in the light of *Cuyler*. 447 U.S. 932, 100 S.Ct. 3032, 65 L.Ed.2d 1127 (1980). The most recent chapter in *Perez* was the opinion on petition for rehearing, 640 F.2d 596 (5th Cir. 1981), in which the panel reiterated its prior holding that "... when a lawyer ... does not perform his promise to his client that an appeal will be taken, fairness requires that the deceived defendant be granted an out-of-time appeal." *Perez v. Wainwright*, 594 F.2d at 163. The rehearing panel in *Perez* further held that an out-of-time appeal should be granted without any showing by petitioner that an issue of "arguable merit will be raised in state court." *Perez v. Wainwright, supra*, 640 F.2d at 598.

Accordingly, we REVERSE the district court's denial of the writ of habeas corpus and REMAND to the district court for further proceedings consistent with this opinion.