415 So.2d 76 (1982)
Carlos FORD, Petitioner,
v.
Louis L. WAINWRIGHT, Respondent.
No. AH-382.
District Court of Appeal of Florida, First District.
June 4, 1982.
Rehearing Denied July 6, 1982.
Beverly J. Hill, Fla. Institutional Legal Services, Gainesville, for petitioner.
David P. Gauldin, Asst. Atty. Gen., Tallahassee, for respondent.

ON MOTION FOR REHEARING ON DENIED PETITION FOR WRIT OF HABEAS CORPUS FOR BELATED APPEAL
PER CURIAM.
Petitioner seeks a writ of habeas corpus for a belated appeal, pursuant to Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), cert. denied, 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968). He alleges that his family and friends retained private counsel to represent him at the sentencing and appeal stages of his criminal conviction, and that his retained attorney failed to file a notice of appeal, yet informed petitioner *77 that the judge had denied his appeal. He claims he is now indigent for purposes of having counsel appointed to represent him on appeal. Respondent answered our show cause order, saying that the retained attorney denied having been requested to file an appeal for petitioner. Respondent asked that the case be remanded to the trial court so that it may conduct an evidentiary hearing to resolve the fact dispute. However, we denied the petition on the basis that one cannot be deprived of his right to appeal by state action, as required by Hollingshead, supra, when he was represented by privately retained counsel.
Upon reviewing our decision pursuant to this motion for rehearing, we withdraw our denial of the petition and remand the case to the trial court for an evidentiary hearing on the above-mentioned fact dispute.
Failure to file an appeal of a criminal conviction, when timely requested by a client, constitutes ineffective assistance of counsel. See Rule 9.140(b)(3), Fla.R.App.P., (requiring counsel to either file a motion to withdraw or file a notice of appeal, prior to withdrawal from representation of a client). The United States Supreme Court in Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), held that for purposes of seeking relief pursuant to a claim of ineffective assistance of counsel, there is no difference between court appointed and privately retained counsel. Relying on Cuyler, supra, to recognize the right to seek collateral relief based on ineffective assistance of counsel, our chief judge, speaking for the court in Spencer v. State, 389 So.2d 652, 653 (Fla. 1st DCA 1980), said, "... [T]he United States Supreme Court squarely held that a criminal prosecution is itself sufficient state action to engage the constitutional right to counsel, and that, when a question of ineffective assistance of counsel is presented, there is no distinction between state-provided and retained counsel." See also, Vagner v. Wainwright, 398 So.2d 448 (Fla. 1981); Edwards v. State, 393 So.2d 597 (Fla. 3rd DCA 1981); Kniebes v. State, 391 So.2d 743, 744 (Fla. 4th DCA 1980); Blatch v. State, 389 So.2d 669 (Fla. 3rd DCA 1980); Presley v. State, 388 So.2d 1385 (Fla. 2nd DCA 1980); Battle v. State, 388 So.2d 1323 (Fla. 5th DCA 1980); Chambers v. State, 388 So.2d 1259 (Fla. 2nd DCA 1980); and State v. Dukes, 388 So.2d 651 (Fla. 2nd DCA 1980).
While the above-cited cases apply to collateral attacks on a conviction which, if found to be meritorious, require conducting a new trial, we find that a showing of ineffective assistance of counsel that results in denial of one's right to appeal, mandates the granting of a belated appeal. Perez v. Wainwright, 594 F.2d 159 (5th Cir.1979), vacated and remanded, 447 U.S. 932, 100 S.Ct. 3032, 65 L.Ed.2d 1127 (1980), on remand, 627 F.2d 762 (5th Cir.1980), on rehearing, 640 F.2d 596, 598 (5th Cir.1981) (holding that when a lawyer, be he privately retained or court appointed, does not perform his promise to his client that an appeal will be taken, the client is entitled to a belated appeal). See also, Torna v. Wainwright, 649 F.2d 290 (5th Cir.1981), U.S. appeal pending.
We therefore appoint the Honorable John Crews, Circuit Judge for the Eighth Judicial Circuit, to conduct an evidentiary hearing to determine whether counsel's failure to file an appeal of petitioner's criminal conviction constitutes ineffective assistance of counsel depriving petitioner of his fundamental right to appeal. If the determination is affirmative, the fact finder should then determine whether petitioner is indigent for purposes of appointing a public defender to represent him on appeal.
ROBERT P. SMITH, Jr., C.J., and McCORD and BOOTH, JJ., concur.