FRANK D. UPCHURCH, Jr., Judge,
specially concurring.
While I concur in the opinion of the majority and with Judge Orfinger’s reasoning in Meyer v. State, 415 So.2d 70 (Fla. 5th DCA 1982), I submit that the term “state action” is a legal fiction. The court should consider the broader question, “Should a criminal defendant, whether represented by publicly appointed or privately retained counsel, be deprived of an opportunity to have his case reviewed after his attorney, through negligence, permits the appeal time to run?”
In civil cases, I have no problem with barring an appeal if not instituted within the appeal time after judgment, without regard to cause. In such a case, if the failure to file is the result of the negligence of the attorney, his client has a cause of action against him for damages.
In criminal cases, a different problem obviously exists. Recovery of damages would be of little comfort to a defendant. To preclude a defendant from presenting a meritorious appeal because of his attorney’s carelessness is grossly unfair. The failure of an attorney to file the requisite notice of appeal when timely requested by the defendant constitutes ineffective assistance of counsel. Ford v. Wainwright, 415 So.2d 76 (Fla. 1st DCA 1982). The consequences of the attorney’s negligence should fall where it belongs, on the shoulders of the offending attorney, and not on the defendant who played no part in the problem.
I suggest that the supreme court amend Florida Rule of Criminal Procedure 3.850 to provide that should the lower court determine that a defendant was deprived of effective assistance of counsel due to his attorney’s negligent failure to file a timely notice of appeal, the defendant is entitled to belated review.