PER CURIAM.
Manning petitioned this court for issuance of a Writ of Habeas Corpus to obtain a belated appeal after failure to timely file a notice of appeal following his conviction of a criminal offense. We issued a rule to show cause, and based on the Response, there appears to be a factual dispute in this case concerning whether or not the petitioner requested his attorney to file an appeal on his behalf following his conviction, and whether the attorney agreed to perfect the appeal.
Therefore, we remand this case to the trial court for an evidentiary hearing on whether the failure to file a timely appeal in this case was attributable to petitioner’s counsel. State v. Meyer, 430 So.2d 440 (Fla.1983); Ford v. Wainwright, 415 So.2d 76 (Fla. 1st DCA 1982). We appoint the Honorable Richard G. Weinberg as Commissioner of this court to conduct the evi-dentiary hearing on this issue. If he determines that petitioner’s counsel’s failure to file an appeal of the conviction constitutes ineffective assistance of counsel which de *667 prived petitioner of his right to appeal, the trier of fact should also determine whether petitioner is indigent for purposes of appointing a public defender to represent him on appeal. The commissioner’s findings and recommendations should be reported to this court within sixty days.
COBB, C.J., and DAUKSCH and SHARP, JJ., concur.