ACCEPTED
07-15-00034-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
9/17/2015 5:30:34 PM
Vivian Long, Clerk

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

9/17/2015 5:30:34 PM

VIVIAN LONG
CLERK

## CAUSE NO. 07-13-00114-CR

## SEVENTH COURT OF APPEALS
## IN AND FOR THE STATE OF TEXAS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## EMANUEL ESCOBEDO,
**Appellant**

## VS.

## STATE OF TEXAS,
**Appellee**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**On Appeal from the 108th District Court**
**Potter County, Texas in Cause No. 67,998-E**
**Honorable Doug Woodburn, Judge Presiding**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## APPELLANT'S BRIEF

**\*\*\*\*\*\*\*\*\*\*\*\*\*\***

*Appellant Requests*
*Oral Argument*

## IDENTITY OF THE PARTIES AND COUNSEL

| | |
|---|---|
| APPELLANT: | EMANUEL ESCOBEDO |

TRIAL COURT:        HONORABLE DOUG WOODBURN
108th District Court, Potter County
501 S. Fillmore, Suite 4A
Amarillo, TX 79101

STATE'S ATTORNEY:     JENNIFER BASSETT
SBN: 02145532
COULTER GOODMAN
SBN: 24086495
Potter County District Attorney
501 S. Fillmore, Suite 5A
Amarillo, TX 79101
(806) 379-2325

TRIAL COUNSEL:      RON SPRIGGS
SBN: 00792853
1011 S. Jackson Street
Amarillo, TX 79101
(806) 376-7260

APPELLANT'S COUNSEL: DARRELL R. CAREY
SBN: 03791700
Law Office of Darrell R. Carey
300 15th Street
Canyon, Texas 79015
(806) 655-4529
(806) 655-7250 - facsimile

APPELLEE'S COUNSEL:  Potter County District Attorney
501 S. Fillmore, Suite 5A
Amarillo, TX 79101
(806) 379-2325

i

**TABLE OF CONTENTS**

**Identity of Parties**................................................................................................................i

**Table of Contents**.............................................................................................................ii

**Index of Authorities**.......................................................................................................iii

**Statement of the Case** ...................................................................................................1

**Issues Presented** ............................................................................................................3

ISSUE NO. ONE.

Trial counsel representation of the Defendant was so deficient that counsel was not functioning as acceptable counsel under the sixth amendment.

ISSUE NO. TWO.

Trial counsel was ineffective to the point that there is a reasonable probability that if it would not have been for the unprofessional error of counsel that the proceedings would have been different.

**Statement of Facts**.........................................................................................................3

**Summary of the Argument** .........................................................................................5

**Argument and Authorities** .........................................................................................6

**Prayer**.............................................................................................................................10

# INDEX OF AUTHORITIES

## State Cases
### Published

*Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) ..................................................7-8

*Arrington v. State*, 413 S.W.3d 106, 110 (Tex. App.—San Antonio 2013, pet. granted)............6-9

*Cosio v. State,* 353 S.W.3d 766, 771 (Tex.Crim.App.2011). ......................................................5-7

*Fulcher v. State,* 274 S.W.3d 713, 716 (Tex.App.-San Antonio 2008, pet. ref'd)..........................7

*Gelinas v. State,* 398 S.W.3d 703, 710 (Tex.Crim.App.2013) ......................................................8

*Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Crim.App.1996) ........................................................7

*Phillips v. State,* 193 S.W.3d 904, 913–14 (Tex.Crim.App.2006) ................................................7

*Ngo v. State,* 175 S.W.3d 738, 752 (Tex. Crim. App. 2005) ....................................................6, 9

*Stuhler v. State,* 218 S.W.3d 706, 717 (Tex.Crim.App.2007) ......................................................6

*Rivera v. State*, 123 S.W.3d 21, 28 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) ..........5-6, 9

## CODES, STATUTES, AND RULES

Tex. Const. art. V, § 13............................................................................................................4, 6

Tex. Crim. Proc. Code Ann. art. 36.29 (Vernon) ....................................................................4

TEX. R. EVID. 609(d) ……………………………………………………………………………
8

TEX. CRIM. PROC. CODE ANN. § 37.07 Sec. 3 (a) 1……………………………………… 8

**STATEMENT OF THE CASE**

On October 18, 2013, Complaint was filed against Emanuel Escobedo (hereinafter "Appellant") charging with Delivery of a Controlled Substance PG 1 => 4g < 200g (CR 1 5). On June 25, 2014 Appellant was charged by indictment with Delivery of a Controlled Substance PG 1 => 4g < 200g/ Enhanced in Cause No. 67,998-D in the 320th Judicial District Court of Potter County, Texas (CR 1 13). An Order Transferring Criminal Case transferring the case to the 108th District Court was signed on June 16, 2014 (CR 1 14). On November 7, 2013, Mike Watkins was appointed as the attorney of record for Emanuel Escobedo in Cause No. 67,998-Z and 67,999-Z (CR 1 7). On November 15, 2013, Ron Spriggs filed an Appearance of Counsel on Cause No. 67,998-Z (CR 1 11).

On January 6, 2015, Cause No. 67,998-E proceeded to jury trial (RR 2 5). On January 6, 2015, Counsel for Defendant filed Objections to the Indictment (CR 1 19-20). On January 6, 2015, the Court denied the Defendant's Objection to Indictment (CR 1 21). On January 6, 2015, Counsel for the Defendant filed Motion to Prevent State from Reading of Alluding to Nonjurisdictional Enhancement Count at or before Guilt/ Innocent Phase (CR 1 22-23). On January 6, 2015, the Court denied the Motion to Prevent State from Reading of Alluding to Nonjurisdictional Enhancement Count at or before Guilt/ Innocent Phase (CR 1 24). On January 7, 2015, Defendant Emanuel Escobedo was found guilty of Delivery of a Controlled Substance PG 1 => 4g < 200g (RR 4 139). On January 7, 2015, the State announced the Enhancement on the Indictment (RR 3 117). On January 7, 2015, the Defendant plead not true to the Enhancement (RR 3 117). On January 7, 2015, the jury found the Enhancement paragraph was true on Defendant Emanuel Escobedo (RR 3 267).

On January 7, 2015, the Defendant was sentenced to 50 years in Texas Department of Criminal Justice Institutional Division with a $10,000.00 fine. (RR 5 115). Counsel for the

1

Defendant filed a Notice of Appeal on January 8, 2015 (CR 1 17-18). The Judgment of Conviction by Jury was entered on January 13, 2015 (CR 1 41-43). Counsel for the Appellant filed Motion for New Trial and Motion for Arrest in Judgment on January 29, 2015 (CR 1 47-49). Counsel for the Appellant filed their Notice of Appeal on January 29, 2015 (CR 1 50-51). The Court filed the Order to Withdraw Funds from the Inmate Trust Account for Emanuel Escobedo on February 3, 2015 (CR 63).

## ISSUES PRESENTED

ISSUE NO. ONE

Trial counsel representation of the Defendant was so deficient that counsel was not functioning as acceptable counsel under the sixth amendment.

ISSUE NO. TWO

Trial counsel was ineffective to the point that there is a reasonable probability that if it would not have been for the unprofessional error of counsel that the proceedings would have been different.

## STATEMENT OF FACTS

Approximately one week before May 1, 2013, Officer Treadwell of the Amarillo Police Department made contact with the Defendant Emmanuel Escobedo (RR 2 179). Officer Treadwell was introduced to the Defendant by a third party (RR 2 180). The Defendant gave Officer Treadwell his number at the time of the introduction (RR 2 180). Officer Treadwell stayed in constant contact with the Defendant until he had arranged to make a purchase from the Defendant on May 1, 2013 (RR 2 190). The time and the location for the purchase was set up by the parties (RR 2 196). The Defendant met up with Officer Treadwell at Fox Fast Stop and Defendant got in the Officer's car (R 2 205). The Officer gave him $400 for the product and told the Defendant to count out the money and make sure it is correct (RR 2 208). The Defendant left and the Officer took the methamphetamine to the police department (RR 2 212). Officer Treadwell testified that they did not arrest the Defendant on that date since the police investigation was on going (RR 2 232).

On November 7, 2013, the Defendant was arrested and booked in to Potter County Detention Center (RR 3 36). On November 8, 2013, the Defendant placed a call from Potter County Jail to a "Mirian" (RR 3 67). The Defendant told the party on the other line he was

3

arrested for selling to an undercover (RR 3 68). Officer Treadwell testified that the Defendant was talking to the Defendant's mother in the phone call and that the Defendant was trying to explain to his mother that the charges against him related to him possibly selling to an undercover cop (RR 3 72). Cause No. 67,998-E proceeded to jury trial on January 6, 2015 (RR 2 5). On January 7, 2015, Defendant Emanuel Escobedo was found guilty of Delivery of a Controlled Substance PG 1 => 4g < 200g (RR 3 115). On January 7, 2015, the State announced the Enhancement on the Indictment (RR 3 117). On January 7, 2015, the Defendant plead not true to the Enhancement (RR 3 117).

On January 7, 2015, the State called Officer Treadwell back to the stand regarding a purchase that Treadwell had made from the Defendant on May 7, 2013 (RR 3 120). Officer Treadwell testified that on May 7, 2013 that he met the Defendant at the Food Bank located 815 South Ross (RR 3 121). The purchase of half ounce of methamphetamine was made by Officer Treadwell for the amount of $630.00 (RR 3 131). Rebecca Escobedo, the mother of the Defendant testified regarding the Defendant (RR 3 203). Ms. Escobedo testified that her son was a good father to his son (RR 3 203) and that he worked two jobs to provide for his family (RR 3 204). Ms. Escobedo testified that the Defendant did have to go to boot camp when he was about 15 or 16 years old but did not remember exactly what for (RR 3 205). On January 7, 2015, the jury found the Enhancement paragraph was true on Defendant Emanuel Escobedo (RR 3 267). On January 7, 2015, the Defendant was sentenced to 50 years in Texas Department of Criminal Justice Institutional Division with a $10,000.00 fine. (RR 3 267).

## SUMMARY OF THE ARGUMENT

ISSUE NO. ONE.

4

Trial counsel representation of the Defendant was so deficient that counsel was not functioning as acceptable counsel under the sixth amendment.

ISSUE NO. TWO.

Trial counsel was ineffective to the point that there is a reasonable probability that if it would not have been for the unprofessional error of counsel that the proceedings would have been different.

**ARGUMENT AND AUTHORITIES**

ISSUE NO. 1

ISSUE NO. ONE.

Trial counsel representation of the Defendant was so deficient that counsel was not functioning as acceptable counsel under the sixth amendment.

The requirements to show ineffective assistance of counsel are established in *Rivera v. State*, 123 S.W.3d 21, 28 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) as follows:

> To show ineffective assistance of counsel, an appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). This standard of proof of ineffective assistance applies to the punishment phase as well as to the trial stage of criminal proceedings. *Wiggins v. Smith,* 539 U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Wiggins,* 123 S.Ct. at 2542; *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999); *Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998). It is an appellant's burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *Thompson,* 9 S.W.3d at 813; *Jackson,* 973 S.W.2d at 956; *McFarland v. State,* 845 S.W.2d 824, 843

5

(Tex.Crim.App.1992). The appellant must satisfy both prongs of the *Strickland* test, or the claim of ineffective assistance will fail. *Wiggins,* 123 S.Ct. at 2535; *Strickland,* 466 U.S. at 700, 104 S.Ct. at 2071; *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001).

*Rivera v. State*, 123 S.W.3d 21, 28 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)

The first element that must addressed in ineffective assistance of counsel is to show that the counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). The requirements of counsel that is retained by the client is even more stringent. As established in *Clark v. United States*, 606 F.2d 550, 551 (5th Cir. 1979):

"When a defendant retains his own counsel, as opposed to having counsel appointed for him, the test is more stringent. In such cases, there will be a finding of inadequate counsel only if there is a showing:

(1) that retained counsel performed so poorly as to render the proceedings fundamentally unfair or (2) that retained counsel's conduct fell short of reasonably effective assistance and some responsible government official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused. *United States v. Childs*, 5 Cir., 1978, 571 F.2d 315, 316. *See Fitzgerald v. Estelle*, 5 Cir., 1975, En banc, 505 F.2d 1334, 1337."

*Clark v. United States*, 606 F.2d 550, 551 (5th Cir. 1979)

A close review of the clerk's record and reporter's record for the trial in this instance case shows a number of critical errors. On June 25, 2014 Appellant was charged by indictment with Delivery of a Controlled Substance PG 1 => 4g < 200g/ Enhanced in Cause No. 67,998-D in the 320th Judicial District Court of Potter County, Texas (CR 1 13). Counsel for the Appellant did not file an objection to the Indictment until January 6, 2015, the first day of trial (CR 1 19-20). Counsel for the Defendant did not file a Motion to Prevent the State from Reading of Alluding to

6

Non-jurisdictional Enhancement Count at or before Guilt/ Innocent Phase until the first day of trial (CR 1 22-23). Due to counsels untimely filing of both the aforementioned motions, the Court denied both motions (RR 2 7). The counsel for the Appellant did not file any timely pre-trial discovery motions. Specifically, the counsel for the Defendant failed to file Motion to Discover Exculpatory Evidence which could have aided the Defendant in arguing against the enhancement.

At the guilt innocence phase counsel failed to timely object to the State's exhibit that allowed evidence from another drug sale to be introduced in front of the jury. When the trial inquired of counsel if he had ever examined the exhibit after a belated attempt to object counsel remarked that he could not remember everything. Defendant put on no evidence at guilt innocence phase.

At punishment a juvenile burglary of a habitation was used to enhance the punishment. To be used for this, the juvenile case must be a felony (if an adult) and disposition must be commitment to the Texas Juvenile Justice Department.

The exhibit introduced was an adjudication for a (1) burglary of habitation, (2) intentionally or knowingly damaging or destroying tangible property, namely tires, in an amount of at least $50 but less than $500; (3) intentionally or knowingly damaging or destroying tangible property, namely a window, in an amount of at least $50 but less than $500. Counsel should have objected to the admission of the two non-felony adjudications. This provided the jury with knowledge of two offenses at punishment that were not enhanceable offenses and not admissible as such.

The second part of the juvenile information; disposition commitment to Texas Youth Commission alleged three new offenses as violation of juvenile probation. Again these were not

alleged as enhancements. There is no evidence of adjudication or commitment to Texas Youth Commission for these offenses. Counsel failed to object to these offenses being introduced or request redaction. Trial Exhibit 19 shows these involved, 1) exhibiting a deadly weapon, namely a handgun, causing bodily injury to Matthew Peck by shooting him with a gun. 2) Knowingly discharging a firearm at and in the direction of a building, and was reckless as to whether the building was occupied, to wit: the child had attempted to enter the building and could not see that the building was occupied. 3) Knowingly discharging a firearm at and in the direction of individuals, namely, Christopher Polite, Evan Birch and Matthew White. Evidence of these offenses at the juvenile revocation modification was by a preponderance. There was never a finding beyond a reasonable doubt. Therefore, there was no adjudication and no commitment to the Texas Youth Center. The copy of the disposition with these offenses as revocation charges should not have been admitted into evidence at punishment. Counsel did not object. These juvenile charges introduced before the jury were highly prejudicial. The state emphasized these juvenile offenses in closing argument.

Exhibit 19 is the disposition of the burglary adjudication to Texas Youth Commission. The order on its 3rd and 4th pages mentions the three counts dealing with the weapons charges as violations of probation. On page four of Exhibit 19, the court finds by a preponderance of evidence the child violated a court order. (This is the standard for modification of disposition.) Appellant was never adjudicated for the three shooting offenses so they are inadmissible under Tex. Crim. Proc. Code Ann. § 37.07 Sec. 3 (a) 1. Counsel was ineffective for allowing this prejudicial information into evidence and failing to object in its closing argument. (RR 3 252 253 263). Evidence of a juvenile record and juvenile adjudication is not admissible under Tex. R. Evid. 609(d).

8

Tex. Crim. Proc. Code Ann. § 37.07 Sec. 3 (a) 1 provides…"Notwithstanding Tex. R. Evid. 609(d) and subject to subsection (h) evidence may be offered by the state and defendant of an adjudication of delinquency based on a violation by the Defendant of a penal law of the grade of (a) a felony or (b) misdemeanor punishable by confinement in jail…"  Exhibit 19 disposition does not meet this standard.

ISSUE NO. TWO

Trial counsel was ineffective to the point that there is a reasonable probability that if it would not have been for the unprofessional error of counsel that the proceedings would have been different. *Rivera v. State*, 123 S.W.3d 21, 28 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) states as follows:

> To show ineffective assistance of counsel, an appellant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and (2) but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). This standard of proof of ineffective assistance applies to the punishment phase as well as to the trial stage of criminal proceedings. *Wiggins v. Smith,* 539U.S. 510, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App.1986). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Wiggins,* 123 S.Ct. at 2542; *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999); *Jackson v. State,* 973 S.W.2d 954, 956 (Tex.Crim.App.1998). It is an appellant's burden to prove a claim of ineffective assistance of counsel by a preponderance of the evidence. *Thompson,* 9 S.W.3d at 813; *Jackson,* 973 S.W.2d at 956; *McFarland v. State,* 845 S.W.2d 824, 843 (Tex.Crim.App.1992). The appellant must satisfy both prongs of the *Strickland* test, or the claim of ineffective assistance will fail. *Wiggins,* 123 S.Ct. at 2535; *Strickland,* 466 U.S. at 700, 104 S.Ct. at 2071; *Garcia v. State,* 57 S.W.3d 436, 440 (Tex.Crim.App.2001).
>
> *Rivera v. State*, 123 S.W.3d 21, 28 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd)

The second element of *Rivera* is demonstrated by state counsels closing arguments that rely on the three shooting allegations in Exhibit 19, as an argument for increased punishment. If counsel objected and this information was not before the jury there is a reasonable probability that the sentence would have been less.

## PRAYER.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the judgment and sentence of the trial Court be reversed and that this Cause be dismissed. In the alternative, the Judgment and Sentence should be reversed and the case remanded for a new trial.

Respectfully submitted,

Of Counsel:

LAW OFFICE OF DARRELL R. CAREY
300 15th Street
Canyon, Texas 79015
(806) 655-4529
(806) 655-7250 (fax)

   /s/ Darrell R. Carey_____
DARRELL R. CAREY
State Bar Number 03791700

email: darrell.careyfirm@suddenlinkmail.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF COMPLIANCE

The undersigned, attorney for appellant, hereby certifies that this Appellant brief is 3,363 words which is in compliance with the Texas Rules of Appellate Procedure Rule 9.4.

   /s/ Darrell R. Carey_____
Darrell R. Carey

## CERTIFICATE OF SERVICE

10

The undersigned, attorney for Appellant, hereby certifies that a true and correct copy of the foregoing APPELLANT'S BRIEF was on the 17th day of September, 2014, served as follows:

     (a)     by delivery in person;
     (b)     by agent or courier receipted delivery;
     (c)     by certified mail, return receipt requested;
  X  (d)     by facsimile.

Randall County District Attorney
2309 Russell Long Blvd, Suite 120
Canyon, TX 79015
Phone: (806) 468-5570
Fax:    (806) 468-5566            /s/   Darrell R. Carey
                                          Darrell R. Carey