**William E. BOYD, Petitioner-Appellant,**

v.

**Henry E. COWAN, Respondent-Appellee.**

**No. 73–1825.**

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 6, 1973.

Decided March 13, 1974.

---

John L. Wilson, Williamsburg, Ky., for petitioner-appellant; J. C. Traylor, Bowling Green, Ky., (Court-appointed), on brief.

Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee; Ed W. Hancock, Atty. Gen., Frankfort, Ky., on brief.

Before PHILLIPS, Chief Judge and EDWARDS and MILLER, Circuit Judges.

## PER CURIAM.

This is an appeal from denial of appellant's petition for a writ of habeas corpus without hearing, entered in the United States District Court for the Western District of Kentucky, at Bowling Green.

The critical questions argued on this appeal are whether petitioner was denied a right to appeal his state court conviction and denied the right to the effective assistance of counsel in perfecting an appeal. This issue was considered by the Kentucky State Court in a hearing under Kentucky Criminal Rule 11.42 and relief was denied under Kentucky law because at the time of his trial, appellant was represented by retained counsel. *See* Bartley v. Commonwealth, 463 S.W.2d 321 (Ky.1971).

It is clear however, that in this circuit there can be a finding of constitutional denial of a right to appeal by failure of retained counsel to perfect an appeal when the facts in the case impose a duty on him to do so. Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970).

Under these circumstances this case is remanded to the United States District Court for the Western District of Kentucky, Bowling Green Division, for hearing as to whether appellant was unconstitutionally denied his right to appeal and his right to counsel in perfecting an appeal. In the context of this case, appellant's right to appeal could have been denied either by refusal or neglect of the attorney in perfecting the appeal, or by his failure to make himself available to the appellant so that the merits of an appeal could be discussed and the appellant afforded an opportunity to make an informed decision. We think that the rule to be applied is that if the attorney is of the opinion that an appeal is frivolous or unwarranted, he has the duty to communicate such opinion to his client in a timely manner so that the client might either consult another attorney or call the matter to the attention of the court. The duty of an attorney to communicate with his client fully and promptly is particularly compelling when the latter is incarcerated.

The judgment of the District Court is vacated and the case is remanded for further proceedings consistent with this opinion.