**William E. BOYD, Petitioner-Appellant,**

v.

**Henry E. COWAN, Warden, Respondent-Appellee.**

**No. 74–2140.**

United States Court of Appeals, Sixth Circuit.

July 2, 1975.

J. C. Traylor, John L. Wilson, Traylor & Hixson, Bowling Green, Ky., for petitioner-appellant.

Ed W. Hancock, Atty. Gen. of Ky., Robert L. Chenoweth, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and MILLER, Circuit Judges.

EDWARDS, Circuit Judge.

This appeal concerns a petition for writ of habeas corpus filed by a Kentucky state prisoner who is serving a life

---

sentence for storehouse breaking and for being a habitual criminal. Only one issue of any substance remains after the hearing before the District Court on remand which was ordered by this court, *Boyd* v. *Cowan*, 494 F.2d 338 (6th Cir. 1974).

The District Judge found that after conviction and sentence in the state court appellant allowed his time to file notice of appeal to lapse, although he knew the 10-day limitation on such notice and he knew that he had a right to appeal.

The District Judge also held that appellant was foreclosed from arguing any denial of his Constitutional right to appeal resulting from failure of his lawyer to inform him in time that he (the lawyer) was not going to file and process his appeal for him. The District Judge's reasoning was that the lawyer had informed appellant's sister (who had employed the lawyer for appellant in the first place) that he considered an appeal to be frivolous and that they agreed that one would not be taken.

The narrow question presented by the case, then, is whether as a federal Constitutional matter Kentucky denied appellant due process in refusing his motion for belated appeal when his statutory time for appeal expired without action due to failure of his retained counsel to give appellant personal and timely notice that he did not intend to file or process appellant's appeal.

There can be, of course, no doubt as to the existence of a Constitutional right to counsel to appeal a criminal conviction. *Anders* v. *California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Douglas* v. *California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).

In this circuit we have held that failure of retained counsel to perfect an appeal when the facts of the case imposed a duty on him to do so could constitute denial of the Constitutional right to counsel for appeal. *Woodall* v. *Neil*, 444 F.2d 92 (6th Cir. 1971). *See also Goodwin* v. *Cardwell*, 432 F.2d 521 (6th Cir. 1970).

In our remand of the instant case, we discussed the attorney-client relationship with which we are now concerned:

In the context of this case, appellant's right to appeal could have been denied either by refusal or neglect of the attorney in perfecting the appeal, or by his failure to make himself available to the appellant so that the merits of an appeal could be discussed and the appellant afforded an opportunity to make an informed decision. We think that the rule to be applied is that if the attorney is of the opinion that an appeal is frivolous or unwarranted, he has the duty to communicate such opinion to his client in a timely manner so that the client might either consult another attorney or call the matter to the attention of the court. The duty of an attorney to communicate with his client fully and promptly is particularly compelling when the latter is incarcerated.

*Boyd* v. *Cowan*, 494 F.2d 338, 339 (6th Cir. 1974).

In his opinion the District Judge entered the following finding:

Under the facts and circumstances, it is clear to the Court that the petitioner's right to appeal has not been denied either by refusal or neglect of his attorney, Mr. Evans, in perfecting his appeal or by his failure to make himself available to the petitioner so that the merits could be discussed and the petitioner afforded an opportunity to make an informed decision. In Mr. Evans' judgment the appeal was without merit and he so advised either the defendant or his sister, or both. Petitioner cannot gracefully disavow that she was his spokesman, especially when one considers that in the past she had represented him in his dealings with Attorney Evans.

Thus the District Judge founded his refusal of relief upon (1) the inference that in fact appellant's counsel did give or get timely advice personally to him, and (2) upon the legal conclusion that since appellant's sister had employed counsel for appellant in the first place,

he was bound by counsel's notice to her and by her decision not to appeal.

As to (1) (the inference), we find no evidence in this record to support a finding that either appellant's sister or his attorney ever communicated the attorney's advice concerning the futility of appeal to appellant or ever received his agreement thereto. We hold the District Judge's finding in this regard to be clearly erroneous.

As to (2), we hold the legal conclusion referred to above is error. Appellant's right to appeal and to counsel at appeal are personal rights of Constitutional dimension. If such rights are to be waived, the Supreme Court has held that this cannot be done upon a silent record. *Carnley* v. *Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). *See Boykin* v. *Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Similarly we hold that appellant's decision as to whether or not to appeal cannot be delegated to another upon a silent record. In this record there is no proof that appellant's sister ever communicated to him either his attorney's advice or her decision to agree with it. Likewise, there is no evidence that appellant ever delegated to his sister the decision as to whether or not to appeal.[1]

Under the circumstances of this case, there was no knowing, intelligent and intentional relinquishment (*see Johnson* v. *Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)) of either appellant's right to counsel at appeal or of his right to appeal. We conclude that on the record below appellant is either entitled to have Kentucky review his trial as if on an original appeal, or to be released under a writ of habeas corpus.

The judgment of the District Court is vacated and the case is remanded for entry of an order granting the petition for writ of habeas corpus, conditioned as set forth below. The writ shall not issue if appellant fails, within ten days after receipt of this order, to initiate action to

obtain an appeal in the State courts of Kentucky. Nor shall the writ issue if Kentucky within a reasonable time thereafter provides such an appeal. *See Tipton* v. *Commonwealth*, 456 S.W.2d 681 (Ky.1970); and *Hammershoy* v. *Commonwealth*, 398 S.W.2d 883 (Ky.1966).

---

1. We do not decide in this case whether or not a decision to appeal can be delegated at all.