**GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Manuel CASTILLO, Defendant-Appellant.**

**No. 78–5500**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1979.

Ray J. McQuary, Public Defender, Balboa Heights, Canal Zone, for defendant-appellant.

4. As Judge Goldberg piquantly stated, "Meet these affidavit facts or judicially die." *Id.*

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Frank J. Violanti, U. S. Atty., Wallace D. Baldwin, Asst. U. S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Castillo was convicted on May 17, 1977, of bringing stolen property into the Canal Zone. On July 3, 1978, Castillo filed a 28 U.S.C. § 2255 motion alleging that his counsel had been ineffective because he had not explained to him his right to appeal or that an attorney would be appointed to represent him on appeal, nor had counsel determined if petitioner wished to perfect an appeal.[1]

Upon filing of the § 2255 petition the district judge entered an order granting petitioner an out-of-time appeal, and that appeal is the matter now before us. The district court's power to extend the time for filing an appeal is that provided by FRAP Rule 4(b). Filing a § 2255 petition does not extend the time to appeal. Thus the conversion of the § 2255 motion into an out-of-time appeal was error.

The appeal is DISMISSED and the case is REMANDED to the district court for consideration of Castillo's § 2255 motion.

---

1. In the interim, immediately after being sentenced on the foregoing offense, Castillo escaped, was recaptured, pleaded guilty to escape and sentence was imposed. He escaped a second time, was caught and again was sentenced. A direct appeal is pending in this court from one or both of the escape cases. Those cases are not involved in this proceeding.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.