Antonio **PEREZ,** Petitioner-Appellee,

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent-Appellant.**

**No. 78–1346.**

United States Court of Appeals, Fifth Circuit.

March 23, 1981.

---

Anthony C. Musto, Margarite Esquiroz, Asst. Attys. Gen., Miami, Fla., for respondent-appellant.

Karen M. Gottlieb, Asst. Public Defender, Miami, Fla., for petitioner-appellee.

Before MORGAN, FAY and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Retained counsel for Perez failed to perfect an appeal of Perez's state court conviction after promising to do so and falsely stating in open court at the time judgment was rendered that an appeal had already been filed. Based on this dereliction, Perez sought habeas corpus. Our original decision denied relief because we were bound by *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1974) (en banc), *cert. denied*, 422 U.S. 1011, 98 S.Ct. 2636, 45 L.Ed.2d 678. Applying the rule of that case, under the Sixth Amendment as made applicable to the states by the Fourteenth Amendment, we found that the state trial court officials had neither actual nor constructive notice of private counsel's incompetence and, therefore, no state action was proved. We also denied relief under the due process clause because the conduct of counsel had not rendered the trial fundamentally unfair. *Perez v. Wainwright*, 594 F.2d 159 (5th Cir. 1979).

Thereafter, the Supreme Court, in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), held that ineffective assistance by a privately retained lawyer can provide the basis for federal habeas corpus relief under the Sixth Amendment.[1] The Court reiterated the principle that a denial of the Sixth Amendment right to counsel can be established only "upon a showing that the state participated in the denial" of that right. Sullivan neither alleged nor proved that state officials knew or should have known of the denial of his right to counsel, as evidenced by a conflict of interest by his counsel. Therefore, the Court was presented with the question "whether the failure of *retained* counsel to provide adequate representation can render a trial so fundamentally unfair as to violate the Fourteenth Amendment." 446 U.S. at 343, 100 S.Ct. at 1715, 64 L.Ed.2d at 343 (emphasis supplied).

Because a state criminal trial is immanently state action, the court reasoned that the conduct of retained counsel involves state action and held that a conviction obtained in a trial in which the defendant's counsel, whether retained or appointed, is ineffective violates the Sixth Amendment. "Thus, the Sixth Amendment does more than require the States to appoint counsel for indigent defendants. The right to counsel prevents the States from conducting trials at which persons who face incarceration must defend themselves without *adequate* legal assistance," 446 U.S. at 344, 100 S.Ct. at 1716, 65 L.Ed.2d at 344 (emphasis supplied). The Court held that the pervasive state involvement in the trial itself does not allow for a distinction to be drawn "between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers." *Id.*

We are left then with the question whether the failure of Perez's retained counsel to file a timely notice of appeal

1. After its decision in *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court, after granting a writ of certiorari in this case, remanded for consideration in light of *Cuyler*. *Perez v. Wainwright*, 447 U.S. 932, 100 S.Ct. 3032, 65 L.Ed.2d 1127 (1980). After remand, we affirmed the order of the District Court granting a writ of habeas corpus and remanded for further proceedings, 627 F.2d 762 (5th Cir. 1980). We are now considering this case on the state's petition for rehearing.

likewise constitutes a violation of the Sixth Amendment. Many years ago the Supreme Court held that the right to appeal from a criminal judgment is not guaranteed by the Constitution. *McKane v. Durston*, 153 U.S. 684, 688, 14 S.Ct. 913, 915, 38 L.Ed. 867 (1894). We assume, without deciding, that evolving standards of due process do not erode the applicability of that decision. Once the state provides an appeal, however, that right cannot be forfeited by counsel who is not only derelict in his obligations to his client but misleads the court of whose bar he is a member. It was counsel's duty to protect the convicted defendant's right to appeal. The duty of counsel in the trial court does not end upon final judgment. A. B. A. Standards, Criminal Appeals: Transition from Trial Court to Appellate Court § 2.2 (1970); The Defense Function After Conviction §§ 8.2, 8.3 (1971); *See also Lairson v. Copp*, 415 F.2d 352, 353 (9th Cir. 1969). The duty of continuing representation is also imposed by the Florida courts.[2]

The district court, after conducting an evidentiary hearing, found

> [The] *active* course of conduct on the part of the private counsel, can only be characterized, at the very least, as a wilful disregard for the responsibility placed upon him by the system, which served

only to insure the deprivation of petitioner's appellate rights. Such unconscionable actions languish to the level of conduct of counsel "so grossly deficient as to render the proceedings fundamentally unfair."

*Perez v. Wainwright*, 440 F.Supp. 1037, 1040 (S.D.Fla.1977) (Emphasis in original), *quoting Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir. 1975). This conclusion, fully supported by the record, warrants our finding that counsel's dereliction of duty deprived Perez of a proceeding that was fundamentally fair. Therefore, we now hold, as announced by way of dictum in our first opinion, that "when a lawyer, by definition a member of a learned profession and a member of the bar of the court, does not perform his promise to his client that an appeal will be taken, fairness requires that the deceived defendant be granted an out-of-time appeal." *Perez v. Wainwright*, 594 F.2d 159, 163 (5th Cir. 1979).[3]

The state argues, however, that under the circumstances here presented, an out-of-time appeal should be granted only in isolated instances, such as when the petitioner can show that an issue of arguable merit will be raised in state court. No such showing is required. Despite the constant

---

**2.** *Coleman v. State*, 215 So.2d 96, 100–101 (Fla. 4th Dist.Ct.App.1968); *Smith v. State*, 192 So.2d 346, 349 (Fla. 2d Dist.Ct.App.1966). *See also* Rule 3.670, Florida Rules of Criminal Procedure.

**3.** Each federal circuit court, even before the *Cuyler* proclamation of equality, has, under varying circumstances, recognized a denial of due process to defendants whose right to appeal is lost through wrongdoings or neglect of counsel. *See, e. g., Boyd v. Cowan*, 519 F.2d 182 (6th Cir. 1975); *Riser v. Craven*, 501 F.2d 381 (9th Cir. 1974) (en banc); *Sanders v. Craven*, 488 F.2d 478 (9th Cir. 1973); *Shiflett v. Commonwealth of Virginia*, 447 F.2d 50 (4th Cir. 1971) (en banc), *cert. denied*, 405 U.S. 994, [92 S.Ct. 1267, 31 L.Ed.2d 462] (1972); *Chapman v. United States*, 469 F.2d 634 (5th Cir. 1972); *Macon v. Lash*, 458 F.2d 942 (7th Cir. 1972); *Blanchard v. Brewer*, 429 F.2d 89 (8th Cir. 1970), *cert. denied*, 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971); *Jackson v. Turner*, 442 F.2d 1303 (10th Cir. 1971); *Woodall v. Neil*, 444 F.2d 92 (6th Cir. 1971); *Benoit v. Wingo*, 423 F.2d 880 (6th Cir. 1970), *cert. denied*, 400 U.S. 852, 91 S.Ct. 45, 27 L.Ed.2d 89 (1970);

*United States ex rel. O'Brien v. Maroney*, 423 F.2d 865 (3d Cir. 1970); *Nelson v. Peyton*, 415 F.2d 1154 (4th Cir.), *cert. denied*, 397 U.S. 1007, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1969); *Gairson v. Cupp*, 415 F.2d 352 (9th Cir. 1969); *Byrd v. Smith*, 407 F.2d 363 (5th Cir. 1969); *United States ex rel Maselli v. Reincke*, 383 F.2d 129 (2d Cir. 1967); *Dillane v. United States*, 350 F.2d 732 (D.C.Cir.1965); *Desmond v. United States*, 333 F.2d 378 (1st Cir. 1964).

Various state courts have also found ineffective assistance when the right to appeal has been lost through an error by privately-retained counsel. *See, e. g., Finnie v. State*, 265 Ark. 941, 582 S.W.2d 19 (1979); *Moultrie v. State*, 542 S.W.2d 835 (Tenn.Crim.App.1976); *Ex parte Raley*, 528 S.W.2d 257 (Tex.Crim.App. 1975); *Hopkins v. Hoper*, 234 Ga. 236, 215 S.E.2d 241 (1975); *Erb v. State*, 332 A.2d 137 (Del.1974); *People v. Serrano*, 33 Cal.App.3d 331, 109 Cal.Rptr. 30 (1973); *State v. Scott*, 492 S.W.2d 168 (Mo.App.1973); *Shipman v. Gladden*, 253 Or. 192, 453 P.2d 921 (1969); *People v. Brown*, 39 Ill.2d 307, 235 N.E.2d 562 (1968).

iteration of minority views that doubt concerning guilt should be a predicate to habeas corpus relief,[4] the Supreme Court has not accepted that view. *See, e. g., Rose v. Mitchell*, 443 U.S. 545, 559–564, 99 S.Ct. 2993, 3002–04, 61 L.Ed.2d 739 (1979).

The State seeks to distinguish *Cuyler v. Sullivan* from the failure of Perez's lawyer to appeal because Sullivan received ineffective assistance at the trial level. It argues that proceedings on appeal are different and that ineffective assistance at that level does not constitute fundamental unfairness. This poses a false hypothesis and draws a distinction not found here. No appellate court ever obtained jurisdiction of Perez's case, for no appeal was taken. His counsel's wrongful conduct occurred entirely in the trial court. We need not, therefore, consider the standards that would apply to the quality of representation before an appellate court. *See, e. g., Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981).

Finally, the state retreats to an attempt to differentiate between the trial and the lodging of an appeal because the state initiates the criminal trial and thus embroils the defendant, but the initiative to appeal is on the defendant. The issue is not where the initiative lies, for the defendant must raise any defenses at trial and counsel's failure to raise a particular defense may well make him ineffective. The question rather is whether the conduct of the criminal proceeding, considered as a whole, was fundamentally unfair. Here it was. The appeal is the vehicle by which violations of the right to a fair trial, conducted in accordance with law, may be remedied. Therefore, the failure to file a timely appeal as promised, without more, constitutes a violation of the Sixth Amendment and Perez must be accorded an out-of-time appeal.

For these reasons, the petition for rehearing is DENIED.

---

4. *See, e. g. Rose v. Mitchell*, 443 U.S. 545, 574–588, 99 S.Ct. 2993, 3009–17, 61 L.Ed.2d 739 (Stewart, J., concurring; Powell, J., concurring; *Schneckloth v. Bustamonte*, 412 U.S. 218, 250, 93 S.Ct. 2041, 2059, 36 L.Ed.2d 854 (1973) (Powell, J., concurring); *Kaufman v. United States*, 394 U.S. 217, 231, 89 S.Ct. 1068, 1976, 22 L.Ed.2d 227 (1969) (Black, J., dissent-

ing). *See also United States ex rel Barksdale v. Blackburn*, 616 F.2d 254 (5th Cir. 1981) (en banc); Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142 (1970). *See generally* Note, Guilt, Innocence and Federalism in Habeas Corpus, 65 Cornell L.Rev. 1123 (1980).