**David L. MACK, Petitioner-Appellant,**

v.

**William French SMITH, United States Attorney General, et al., Respondents-Appellees.**

**No. 81–3047**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.*
Unit A

Oct. 9, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

David L. Mack, pro se.

D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for respondents-appellees.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal *in forma pauperis* from the district court's denial of a motion under 28 U.S.C. § 2255 to have appellant's conviction and sentence vacated. For the reasons stated below, we remand the case to the district court for an evidentiary hearing on the effectiveness of appellant's representation by his former counsel.

The appellant, David L. Mack, was convicted under 21 U.S.C. §§ 841(a)(1) and 846 of conspiracy to distribute and distribution of methamphetamine. On December 30, 1975, Mack was sentenced to a term of five years on both counts, the sentences to run concurrently, with a two-year mandatory parole term to follow confinement.[1] Mack was represented by court-appointed counsel at both trial and sentencing. Sometime after trial but before sentencing, Mack retained his own counsel to prosecute his appeal. Mack's notice of appeal was not filed in the district court until January 15, 1976, six days after the ten day filing deadline set by Federal Rules of Appellate Procedure 4(b). Thus, on February 20, 1976, this court dismissed Mack's appeal as untimely.

Mack claims that his attorney hid the fact of the dismissal of his appeal for nearly two years. Finally, on August 20, 1979, Mack filed a § 2255 motion *pro se* in the Central District of California, the place of his incarceration. The motion was subsequently transferred to the Western District of Louisiana, the place of Mack's conviction and sentencing. The district judge there re-

---

1. Mack was later sentenced to a third concurrent five year term for conspiracy to murder one of the government's trial witnesses in violation of 18 U.S.C. § 1503.

ferred the matter to a magistrate for his report and recommendation. Following the magistrate's report, the district judge dismissed Mack's petition without an evidentiary hearing. Mack appeals to this court from that dismissal.

Mack raises three basic claims in his *pro se* appeal. First, he alleges that he was illegally arrested, searched, and detained by Louisiana state officials and that during the time of his illegal detention he was served with an arrest warrant by federal officials. He challenges the legality of both the state and federal arrests. Second, he alleges that four of the major government witnesses against him perjured themselves at trial; that one of the witnesses, a federal drug agent, pressured two other witnesses into committing perjury; and that the prosecution knew of the perjured testimony.[2] The district court dismissed these claims without an evidentiary hearing, finding them conclusory and contradicted by the record. *U. S. v. Jones*, 614 F.2d 80 (5th Cir.), *cert. denied* 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980). We express no opinion as to the correctness of the district court's decision on these two matters because of our views as to Mack's third claim relating to the effectiveness of his counsel.

The arrest and perjury claims which Mack presents in his § 2255 petition could have been raised on direct appeal. However, the appeal from his conviction was not timely filed and was dismissed on that ground. Mack alleges that his failure to perfect an appeal was due to the ineffectiveness of his counsel and he claims that he was denied his Sixth Amendment right to the effective assistance of counsel thereby. The magistrate concluded that the alleged error of appellant's counsel did not amount to a fundamental defect in violation of appellant's Sixth Amendment right. The district court, agreeing with the recommendations of the magistrate, declined to hold an evidentiary hearing on this issue.

We think the district court was mistaken in its refusal to hold an evidentiary hearing

on this matter. Appellant alleges that he retained Milton P. Masinter as his lawyer between the time of the jury verdict and sentencing for the purpose of prosecuting his appeal. It is undisputed that the notice of appeal was not filed within the ten days required by Federal Rules of Appellate Procedure 4(b) and that Mack's appeal was dismissed on this ground. Mack claims that Masinter told him he had filed notice of appeal but that Masinter could not perfect the appeal until he received a transcript of the trial. Mack further alleges that Masinter hid the fact of the dismissal from him for over a year, assuring him that Masinter was still awaiting a copy of the trial transcript. Finally in March 1977 Mack wrote to the district court himself asking for a copy of the transcript, at which time he claims he first learned of the dismissal of his appeal. Mack included as exhibits accompanying his § 2255 petition letters to his attorney, a court stenographer, and the court clerk indicating his ignorance of the status of his appeal.

Had Mack made only conclusory allegations contradicted by the trial record and files, an evidentiary hearing would not be necessary. *United States v. Jones, supra. See Dupart v. United States*, 541 F.2d 1148 (5th Cir. 1976). But where Mack would be entitled to post-conviction relief if his factual allegations were proven true, § 2255 requires an evidentiary hearing on those allegations. *Friedman v. United States*, 588 F.2d 1010 (5th Cir. 1979); *Powers v. United States*, 446 F.2d 22 (5th Cir. 1971); *see generally Machibroda v. United States*, 368 U.S. 487, 494–96, 82 S.Ct. 510, 513–14, 7 L.Ed.2d 473 (1962).

Our cases state that if Mack could prove that his counsel had deceived him by leading him to believe that a timely appeal had been filed, he would be entitled to post-conviction relief in the form of an out-of-time appeal. *Arrastia v. United States*, 455 F.2d 736 (5th Cir. 1972); *Kent v. United States*, 423 F.2d 1050 (5th Cir. 1970); *Atilus v. United States*, 406 F.2d 694 (5th Cir. 1969);

---

2. Mack also insists that an in-court identification of the federal agent as the person who

threatened one of the government witnesses was deleted from the trial transcript.

see *Thor v. United States,* 574 F.2d 215 (5th Cir. 1978); *Lacaze v. United States,* 457 F.2d 1075, 1079 (5th Cir.), *cert. denied* 409 U.S. 921, 93 S.Ct. 251, 34 L.Ed.2d 180 (1972); *cf. Torna v. Wainwright,* 649 F.2d 290 (5th Cir. 1981); *Perez v. Wainwright,* 640 F.2d 596 (5th Cir. 1981) (when Sixth Amendment rights have been violated by counsel who promises but fails to file a timely appeal, proper remedy under 28 U.S.C. § 2254 is out-of-time appeal in state court).[3]

Mack was thus entitled to an evidentiary hearing on the effectiveness of Masinter's representation. We express no opinion, however, on the other claims Mack raised along with this issue. Such claims should be resolved through the direct appeal process; where it is possible that Mack may be granted an out-of-time appeal, we decline to pass upon these claims through review of the denial of habeas relief until the matter of Mack's right to appeal is disposed of.

Accordingly, the judgment of the district court is vacated and the case is remanded for an evidentiary determination of Mack's claims of ineffectiveness of counsel. If Mack proves his claims to the satisfaction of the district court, the § 2255 petition is to be dismissed without prejudice. Mack's judgment of conviction is then to be reinstated on the docket of the trial court as of the date to be fixed by the trial court from which the time of the appeal shall run. If, on the other hand, the district court finds that Mack is not entitled to relief, it shall reinstate its judgment denying the § 2255 petition. This court will then undertake to review Mack's remaining claims if he chooses to appeal the reinstated order of dismissal.

Finally, we note *sua sponte* that Mack's sentence does not state whether his special parole term was given as punishment for the conspiracy offense, the substantive offense, or both. If the term was imposed as punishment for the conspiracy conviction, it must be deleted under *Bifulco v. United States,* 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Since the district court judge in this case was the same as the trial court judge, we also direct him on remand to enter an order clarifying the status of the special parole term and modifying it to the extent that it is illegal under *Bifulco.* F.R.Crim.P. 35(a). *See U. S. v. Kennington,* 650 F.2d 544, 546 (5th Cir. 1981).

The judgment of the district court is vacated and the case remanded for proceedings consistent with the above.

VACATED and REMANDED.

**3.** The Government on appeal claims that § 2255 cannot be used to grant an out-of-time appeal, citing *Government of Canal Zone v. Castillo,* 590 F.2d 114 (5th Cir. 1979), as authority. In *Castillo,* the district court entered an order granting an out-of-time appeal immediately after the filing of the § 2255 petition. Conversion of the petition into an out-of-time appeal was held improper, and the case was remanded for consideration of the § 2255 motion. Nothing in *Castillo,* however, states that after consideration of the § 2255 motion and an evidentiary hearing, the district court may not grant an out-of-time appeal under the criteria set forth in *Arrastia, Kent,* and *Atilus, supra.*

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.