This is an appeal from the denial of a petition for writ of error coram nobis.
Petitioner's appellate counsel represented petitioner at trial and was retained to represent him on appeal of his 1980 conviction for burglary in the second degree. Counsel fully admits that his failure to timely perfect that appeal resulted in a dismissal of the appeal and denied petitioner the effective assistance of counsel and due process of law under the Sixth and Fourteenth Amendments to the United States Constitution. Generally, see Annot., 15 A.L.R. 4th 582, Section 18 (b) (1982).
The Attorney General argues that coram nobis is the proper remedy for ineffective assistance at trial but not on appeal.
This asserted distinction was answered in Perez v. Wainwright,640 F.2d 596, 599 (5th Cir. 1981), wherein that court observed that because of the failure to file a timely appeal no appellate court ever obtained jurisdiction over the appeal. "(C)ounsel's wrongful conduct occurred entirely in the trial court."
"Challenges based on the inadequacy of counsel constitute grounds for coram nobis." Summers v. State, 366 So.2d 336, 341
(Ala.Cr.App. 1978), cert. denied, Ex parte Summers,366 So.2d 346 (Ala. 1979); Messelt v. State, 351 So.2d 627 (Ala.Cr.App. 1977). *Page 202 
Very recently, our Supreme Court expanded the traditional relief available on coram nobis "in an effort to assure that both justice and fairness prevail" and granted an "out-of-time appeal." Longmire v. State, (Ms. 81-309, December 10, 1982) (Ala. 1982).
Through no fault of his own, the petitioner was denied his right to appeal due to the ineffective assistance of counsel. Under Perez and Longmire, the petitioner is entitled to an appeal from this conviction. Certainly, an out-of-time appeal is significantly less burdensome to the state than would be a new trial.
The judgment of the circuit court denying the petitioner's petition for writ of error coram nobis is denied. This cause is remanded to that court for action consistent with our holding.
REVERSED AND REMANDED.
All Judges concur.