Mahan HOLLIN, Petitioner-Appellee,

v.

Dewey SOWDERS, Superintendent, Kentucky State Reformatory, Respondent-Appellant.

No. 81–5909.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 14, 1982.

Decided June 24, 1983.

Rehearing En Banc Denied Sept. 9, 1983.

Steven L. Beshear, Atty. Gen. of Ky., John H. Gray (argued), J. Gerald Henry, Asst. Attys. Gen., Frankfort, Ky., for respondent-appellant.

R. Michael Murphy (argued), Asst. Federal Public Defender, Lexington, Ky., for petitioner-appellee.

Before ENGEL and MERRITT, Circuit Judges, and BROWN, Senior District Judge.*

* The Honorable Wesley E. Brown, Senior District Judge for Kansas, sitting by designation.

PER CURIAM.

In this habeas corpus case collaterally attacking a 1971 Kentucky murder conviction, the District Court issued the writ on grounds that the negligence of petitioner's retained counsel in failing to perfect a direct appeal from the conviction constituted ineffective assistance of counsel in violation of the Sixth Amendment as incorporated in the Due Process Clause of the Fourteenth Amendment. We reverse because the Kentucky Supreme Court, in reviewing petitioner's case under its postconviction relief statute, has given adequate, independent state grounds for rejecting petitioner's claim, and because the negligence of counsel in failing to perfect a direct appeal therefore has not caused petitioner any injury.

I.

Mahan Hollin was convicted in 1971 of murder and was sentenced to life imprisonment. Although a notice of appeal was filed in timely fashion, the appeal was dismissed or never docketed because Hollin's lawyer filed the record on appeal nine days after the relevant due date. In the intended appeal, Hollin sought to present one question for review. He contended that the state trial court erred when, *without objection,* it allowed the prosecutor to cross-examine him as to a prior felony conviction without first determining *in camera* whether such evidence was relevant to the defendant's credibility as required by state law. For this contention, he relied on *Cotton v. Commonwealth,* 454 S.W.2d 698 (Ky. 1970), which appears to hold that an *in camera* hearing is required prior to cross-examination respecting prior felony convictions.

Four years later, when Hollin apparently discovered that his appeal had not been docketed in the Kentucky Court of Appeals, he retained different counsel to pursue his case. His new counsel filed a motion for post-conviction relief under Rule 11.42 of

the Kentucky Rules of Criminal Procedure [1] in order to vacate judgment or, in the alternative, for a belated appeal on the merits. The state trial court declined to rule on his request for a belated appeal on grounds that as a trial court it lacked appellate jurisdiction. Hollin thereafter appealed to the Kentucky Supreme Court,[2] claiming that the trial court erred in refusing to rule on his request for a belated appeal, and that cross-examination on the prior felony conviction without an *in camera* hearing constituted error under Kentucky law.

The Kentucky Supreme Court affirmed the trial court's decision in a short *per curiam* opinion in which it declined to vacate Hollin's conviction both on the merits and because his argument was "not properly preserved." [3] Having exhausted his state remedies, Hollin filed a petition for writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The District Court conditionally granted the writ, adopting the recommendations and findings of a United States Magistrate in full, and ordered the release of Hollin unless Kentucky permitted a belated appeal on the merits within sixty days. After Kentucky failed to allow a belated appeal, the Court granted the writ of habeas corpus. The state now appeals that ruling.

The question before us is whether the District Court erred in concluding that the state's refusal to grant Hollin direct appellate review immediately following his conviction because his counsel failed properly to perfect an appeal constitutes ineffective assistance of counsel in violation of the Due Process Clause of the Fourteenth Amendment. We hold that the state's ruling on Hollin's motion under Rule 11.42 granted Hollin an adequate substitute for direct appellate review and that his first lawyer's negligence has not caused him any injury.

In his memorandum adopted by the District Court, the Magistrate found that Hollin's first lawyer had inadvertently recorded on his calendar the wrong final date for the filing of the record. The "honest mistake" on the part of the lawyer was apparently the only reason that the original appeal was not docketed. The District Court found that Hollin's direct appeal was denied because his lawyer failed to make a timely filing of the record on appeal. The Court held that this mistake constituted ineffective assistance of counsel which resulted in a violation of the Fourteenth Amendment of the United States Constitution.[4]

Hollin's attorney on appeal was retained. While the Supreme Court has extended the Sixth Amendment right to counsel to include the effective assistance of appointed counsel for indigent defendants where state law accords a right of appeal, *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and while it has extended that right to retained counsel at trial, *Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716,

---

**1.** Rule 11.42 of Kentucky Criminal Procedure provides, in part, that "a prisoner in custody under sentence who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court which imposed the sentence to vacate, set aside or correct it."

**2.** Effective January 1, 1976, by constitutional amendment, the former Court of Appeals became the Supreme Court of Kentucky, and the Justices of the Court of Appeals became the Justices of the Supreme Court.

**3.** In its entirety, the Kentucky Supreme Court's opinion reads as follows:

This is an appeal from an order overruling the appellant's motion under RCR 11.42.

We have reviewed the record and conclude that appellant's claimed errors are without merit or were not properly preserved for appellate review. *See Howard v. Commonwealth*, Ky., 446 S.W.2d 293 (1969) and *Cotton v. Commonwealth*, Ky., 454 S.W.2d 698 (1970).

The judgment is affirmed.

All concur.

**4.** The standard for effective assistance of counsel is set forth in *Beasley v. United States*, 491 F.2d 687, 695 (6th Cir.1974), where this court held that "the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance."

64 L.Ed.2d 333 (1980), we are not aware that it has extended *Cuyler v. Sullivan* to retained counsel on appeal. Such rights as the Supreme Court has conferred to date with respect to appellate counsel have rested on the equal protection basis that where state law permits a defendant of means to be represented by retained counsel on appeal, equal protection concepts of the Fourteenth Amendment require a similar right be accorded the indigent defendant. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Anders v. California, supra,* 386 U.S. at 741, 87 S.Ct. at 1398. Clearly different considerations affect the right to effective assistance of counsel at the trial and appellate stages. *Ross v. Moffitt,* 417 U.S. 600, 610–11, 94 S.Ct. 2437, 2443–44, 41 L.Ed.2d 341 (1975). While historically there has never been, as such, a constitutional right to an appeal, *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Reetz v. Michigan,* 188 U.S. 505, 23 S.Ct. 390, 47 L.Ed. 563 (1903); *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894), the right to trial and hence the right to effective assistance of appointed counsel at trial is fundamental to the constitutional system. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1973). It was this latter consideration which clearly led the Supreme Court to hold that such a right is too basic to permit it to be denied a defendant even at the hands of retained counsel of his own choice. *Cuyler v. Sullivan, supra,* 446 U.S. at 342–44, 100 S.Ct. at 1714–16.

## II.

Whether, as the District Court suggests, *Cuyler v. Sullivan* is to be extended to require the effective assistance of retained counsel on appeal, we need not decide now, for it is clear that the failure of counsel to perfect a direct appeal has not prevented Hollin from challenging his conviction in state court. The Kentucky Supreme Court ruled on his claims in the Rule 11.42 proceeding. Hollin's Rule 11.42 motion argued two grounds: first, that his attorney's negligence had deprived him of his right to appeal; and second (the same argument he had intended to make on direct appeal), that the trial court erred in permitting the prosecutor to cross-examine him regarding an earlier felony conviction without first holding an *in camera* hearing. These were the only claims of error presented to the Kentucky Supreme Court. Thus, the attorney's failure to perfect the appeal prevented Hollin only from raising the cross-examination issue on direct appeal, instead of in a Rule 11.42 motion.

The Magistrate found that Hollin did not object to the trial court's method of handling the prior felony cross-examination and that the Kentucky Supreme Court disposed of the issue by invoking the state's contemporaneous objection rule. Thus, it held that by failing to object Hollin waived the question. This ruling accords with Kentucky law. *See* RCR 9.22; *Ferguson v. Commonwealth,* 512 S.W.2d 501 (Ky.1974).

The Kentucky Supreme Court does not appear to have rested its decision on this ground alone. The opinion also stated that the court had "reviewed the record" and that "appellant's claimed errors are without merit." Despite the alternative grounds of the Kentucky Supreme Court's opinion, we conclude that the court's invocation of the state's contemporaneous objection rule provides an adequate and independent state ground on which to dispose of this case. Under the rule announced in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a state court may preclude federal court consideration of an alleged constitutional violation by asserting the state's contemporaneous objection rule, provided the defendant cannot demonstrate "cause" and "prejudice." In *Hockenbury v. Sowders,* 620 F.2d 111, 115 (6th Cir.1980), this Court considered the applicability of *Sykes* "where the state court has arguably given more than one reason for the denial of petitioner's claim." We held that "the federal court must determine whether the petitioner's failure to comply with the contemporaneous objection requirement was a substantial basis of the state court's denial of petitioner's claim."

*Id.* In making this determination for the instant case, we agree with the Magistrate "that the Kentucky Supreme Court's denial of petitioner's claim was based substantially on procedural grounds." Because Hollin has shown no "cause" for his failure to object and does not contend that his counsel's failure in this respect constitutes ineffective assistance, and in view of the Magistrate's conclusion "that the admission of the [cross-examination] evidence was not prejudicial," Hollin's claim of trial error is not reviewable under federal habeas corpus, 28 U.S.C. § 2254, as construed in *Sykes, supra.* Petitioner cannot convert a claim barred under *Sykes* into a valid ineffective assistance of counsel claim without any showing of prejudice.

We deem it also significant to note that the only error which might have been asserted in the aborted appeal was one of purely state law, i.e., whether an evidentiary hearing ought to have been held before Hollin, having first testified in his own defense, was cross-examined concerning his prior criminal record. Therefore, had a timely appeal been perfected, a ruling either way on that issue would not have implicated any federal constitutional right. While Kentucky's requirement of an *in camera* hearing may be a statutory procedural rule, its loss is not so fundamental a deprivation as to violate Fourteenth Amendment concepts of due process.

Hollin had a constitutionally fair trial. The negligence of his original retained appellate counsel caused him no harm.

The judgment below is vacated and the case remanded to the District Court with instructions to dismiss the petition.

MERRITT, Circuit Judge, concurring.

I agree that the Kentucky Supreme Court's consideration of Hollin's Rule 11.42 motion effectively eliminated any possible harm that he may have suffered as a result of his attorney's negligence. I, therefore, concur in the Court's judgment. I believe, however, that the Court's opinion misconstrues certain aspects of the law and fails to answer all of Hollin's arguments.

According to the Court, because "it is clear that the failure of counsel to perfect a direct appeal has not prevented Hollin from challenging his conviction in state court," we need not decide whether Hollin had a right to the effective assistance of retained counsel on appeal, an issue on which the majority expresses some doubt. This procedure of deciding a right has been violated before determining whether the right exists would baffle anyone untutored in the ways of the doctrine of judicial restraint.

But our Court has already decided this issue. The majority opinion ignores this Court's prior holding in *Boyd v. Cowan,* 519 F.2d 182, 183 (6th Cir.1975), where we confronted the question whether the state violated due process in refusing to grant petitioner a belated appeal when his retained counsel failed to inform him that counsel would not file his appeal. In commencing its discussion, the *Boyd* Court stated:

> In this circuit we have held that failure of retained counsel to perfect an appeal when the facts of the case imposed a duty on him to do so could constitute denial of the constitutional right to counsel for appeal. *Woodall v. Neil,* 444 F.2d 92 (6th Cir.1971). *See also Goodwin v. Cardwell,* 432 F.2d 521 (6th Cir.1970).

Furthermore, in *Perez v. Wainwright,* 640 F.2d 596 (5th Cir.1981), the Fifth Circuit found that retained counsel's failure to file a timely appeal constituted a violation of the petitioner's Sixth Amendment right to a fair trial. Basing its decision in part on the Supreme Court's "proclamation of equality" between retained and appointed counsel in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Fifth Circuit observed that, even before *Cuyler,* "[e]ach federal circuit court . . . has, under varying circumstances, recognized a denial of due process to defendants whose right to appeal is lost through wrongdoings or neglect of counsel." 640 F.2d at 597, 598 n. 3 (citing cases).[1]

1. In the same footnote, the court also cited many state court decisions espousing this position.

The majority correctly finds that Hollin's Rule 11.42 motion enabled him to obtain review of his conviction by a higher court, an avenue through which his case received the same consideration that it would have elicited in a formal appeal. There is no point in having the state court reconsider a case that it has already addressed. Thus, our disposition of this case is perfectly consistent with the holding in *Boyd v. Cowan, supra,* where this Court granted the petition for a writ of habeas corpus conditioned on Kentucky's granting Boyd an appeal. Although *Boyd* also involved an unperfected appeal stemming from attorney negligence, it does not appear that Boyd had availed himself of the Rule 11.42 alternate route to challenge his conviction; unlike Hollin, Boyd had not received *any* post-trial consideration of his error claims by a state court.

Finally, this Court's prior acknowledgement of the right to effective assistance of retained counsel on appeal seems to me to require us to address an argument based on a passage in *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974), the case in which this Court established the standard governing effective assistance of counsel claims.[2] In *Beasley,* this Court stated:

> Harmless error tests do not apply in regard to the deprivation of a procedural right so fundamental as the effective assistance of counsel. *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457 [467], 86 L.Ed. 680 (1942); *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824 [827], 17 L.Ed.2d 705 (Stewart, J., concurring) (1967).

*Id.* at 696. The *Beasley* Court made this statement in dicta, however, only after finding that "[p]otentially exonerating defenses were not explored by counsel and were not developed at trial" in that case. *Id.* Thus, the lawyer's negligence may have caused the client actual harm.

In the instant case, by contrast, the attorney's negligent failure to perfect the appeal did not cause the defendant any demonstrable harm, because Hollin's claims were eventually considered and rejected on valid state grounds by the same court that would have heard his direct appeal. Thus, although his attorney's conduct fell below the standard enunciated in *Beasley,* Hollin did not actually suffer any violation of his right to effective assistance of counsel. His lawyer's negligence did not cause him any injury. *Cf. Cuyler v. Sullivan, supra,* 446 U.S. at 348, 100 S.Ct. at 1718 (to establish Sixth Amendment violation, defendant who raised no objection at trial must demonstrate that actual conflict of interest impaired lawyer's performance).

The constitutionally protected interest at stake here under the due process clause is the Sixth Amendment right to effective counsel. Petitioner seems to concede, as I think he must, that a negligent act or omission on the part of counsel in a criminal trial is not in itself a constitutional violation. The state must participate in counsel's conduct in the sense that it must impose some significant cost on petitioner as a result of counsel's error. Counsel's conduct must therefore lead to the loss of some state or federal right, privilege or advantage in a practical sense before the error becomes a federal due process violation. Legal malpractice that causes no injury satisfies neither the elements of common law tort nor the elements of a constitutional deprivation under the Sixth Amendment.

**2.** According to this standard, "the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and render-

ing reasonably effective assistance." *Beasley v. United States, supra,* 491 F.2d at 695.