IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40312
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

CHARLES TIMOTHY ISAAC,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1-96-CV-187
- - - - - - - - - -
November 12, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

On June 7, 1993, Charles Timothy Isaac (Isaac), federal prisoner #04252--078, pleaded guilty to using and carrying a firearm during and in relation to a drug trafficking crime; and possession of a firearm after being a convicted felon. 18 U.S.C. §§ 924(c) and 922(g)(1). No appeal was filed from the conviction and sentence.

On March 12, 1996, Isaac filed a motion pursuant to 28 U.S.C. § 2255, essentially arguing that his guilty plea and sentence were obtained prior to the Supreme Court's ruling in

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Bailey v. United States*, 516 U.S. 137 (1995). Isaac contended that the *Bailey* decision decriminalized the conduct for which he was convicted and sentenced. The Government filed its response on June 11, 1996. On July 1, 1996, Isaac filed objections to the Government's response. In this objection, he introduced several new issues that had not been raised in the initial § 2255 motion.

Among the new issues raised by Isaac was an assertion of ineffective assistance of counsel. Isaac alleged that he requested his attorney to file an appeal from the conviction and sentence, but that his attorney failed to do so. Other than Isaac's arguments, the record is silent on this issue.

The district court never addressed the new issues raised by Isaac. On December 8, 1997, a United States magistrate judge entered a report and recommendation that was adopted by the district court. The magistrate judge's report only addressed the *Bailey* argument, and did not discuss any of the other issues raised in Isaac's objection.

Isaac's objections filed on July 1, 1996, subsequent to the Government's responsive pleading, should have been construed as a motion to amend his pleading. *See Ganther v. Ingle*, 75 F.3d 207, 211-12 (5th Cir. 1996).

Amendment to a pleading should be liberally allowed, but the decision whether to permit an amendment after responsive pleadings have been filed is within the discretion of the district court. *Duff-Smith v. Collins*, 973 F.2d 1175, 1180 (5th Cir. 1992). The decision to deny leave to amend is reviewed on appeal for abuse of discretion. *Id.* In this case, the district

court did not rule on the motion; therefore, there is no decision to review.

The case should be remanded to the district court, at which time the district court shall rule on Isaac's July 1, 1996, motion to amend his § 2255 pleading. We decline to address Isaac's other issues at this time in the event the proceedings below culminate in an out-of-time appeal. *See Mack v. Smith*, 659 F.2d 23, 25-26 (1981). We neither express nor intimate any view as to whether, if Isaac is permitted to amend his pleadings, he can prove the resultant claims made.

VACATED AND REMANDED.