IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-40901
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES TIMOTHY ISAAC,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 1:96-CV-187
_____
May 4, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles Timothy Isaac ("Isaac"), federal prisoner #04252-078, has filed a pro se appeal of the district court's denial of, and denial of leave to amend, his 28 U.S.C. § 2255 motion. Isaac's motion challenged his 1993 guilty plea conviction for using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record does not conclusively show that Isaac is entitled to no relief with respect to: (1) his claim that his guilty plea was involuntary due to his counsel's promise of an off-the-record deal; (2) his claim that his counsel provided ineffective assistance by erroneously advising him regarding the scope of liability under § 924(c)(1); and (3) his claim that his counsel provided ineffective assistance by failing to comply with his request for a direct appeal. Because these claims are thus not futile, see § 2255, the district court abused its discretion in denying Isaac's motion for leave to amend his § 2255 motion in order to assert them. See Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); see also Duff-Smith v. Collins, 973 F.2d 1175, 1180 (5th Cir. 1992) (28 U.S.C. § 2254 case).

Accordingly, the district court's judgment is VACATED and this case is REMANDED to the district court with the instruction to grant Isaac leave to amend his § 2255 motion in order to assert the above claims. We neither express nor intimate any view as to the claims' ultimate merits. Finally, we decline to address the issues raised in Isaac's unamended § 2255 motion at this time in the light

of the possibility that the proceedings below may culminate in an out-of-time appeal.  See <u>Mack v. Smith</u>, 659 F.2d 23, 25-26 (1981).

VACATED and REMANDED.