IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30381
Summary Calendar

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM MAC RACHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC Nos. 98-CV-1926 & 96-CR-50085-ALL
_____
May 24, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

William Mac Rachel (federal prisoner #09416-035) appeals the district court's denial of relief under 28 U.S.C. § 2255.[1]  The sole question before us is the issue upon which Rachel was previously granted a certificate of appealability:  whether defense counsel was ineffective for failing to perfect a direct criminal appeal on Rachel's behalf.  Rachel maintains that his counsel failed to file a notice of appeal despite being requested to do so and that counsel informed him of that fact only after the ten-day

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Rachel's motion to expedite this appeal is DENIED.

appeals period had passed. The government counters that Rachel waived his right to appeal.

Along with its answer filed in the district court, the Government submitted the affidavit of Rachel's attorney, William King. In the affidavit, King stated that, immediately after sentencing, he informed Rachel of his right to appeal and of the ten-day time frame within which to file a notice of appeal. King also stated in the affidavit that he told Rachel that he did not believe a direct appeal would be viable.

In response to King's affidavit, Rachel submitted a letter that he received from King, which was dated after the expiration of the ten-day period for filing a notice of appeal. See Fed. R. App. P. 4(b)(1)(A). In that letter, King stated that he had researched the appeal that Rachel had asked him to file and that his research led him to believe that an appeal would be frivolous. King also stated that he was enclosing a motion to withdraw as counsel and an "example" of a notice of appeal, which Rachel could file within ten days of his receipt of counsel's letter. The district court denied the instant claim as well as Rachel's other claims without elaboration.

A district court may deny § 2255 relief without making any findings of fact and conclusions of law and without holding an evidentiary hearing only if the record conclusively shows that the movant is entitled to no relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992); United States v. Edwards, 711 F.2d

2

633, 633 (5th Cir. 1983); § 2255.  The record in the instant case does not conclusively show that Rachel is entitled to no relief. The letter submitted by Rachel supports his contention that counsel initially agreed to file an appeal on his behalf and, only after the time for filing an appeal had lapsed, informed Rachel that he would not do so.  See Perez v. Wainwright, 640 F.2d 596, 598 (5th Cir. Mar. 1981)("[W]hen a lawyer . . . does not perform his promise to his client that an appeal will be taken, fairness requires that the deceived defendant be granted an out-of-time appeal.")(internal quotations, citation, and footnote omitted).  Accordingly, the district court's order denying § 2255 relief is VACATED only as to the issue on which COA was granted, and the case is REMANDED to the district court to hold an evidentiary hearing and to make the appropriate findings of fact and conclusions of law.  See Mack v. Smith, 659 F.2d 23, 25-26 (Former 5th Cir. Unit A Oct. 1981)(discussing proper procedure on remand).

MOTION TO EXPEDITE APPEAL DENIED; VACATED AND REMANDED.