IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41025
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELANIE FAITH THOMAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 4:98-CV-349
4-97-CR-69-ALL
- - - - - - - - - -
May 15, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Melanie Faith Thomas, Texas state prisoner # 06745-078, requests this court to grant him a certificate of appealability (COA) to appeal the district court's dismissal of her 28 U.S.C. § 2255 motion. In her request for a COA, Thomas raised the following claims of ineffective assistance of counsel: (1) counsel failed to file a notice of appeal despite multiple requests; (2) counsel failed to object to the Government's breach of the plea agreement; (3) counsel failed to object to a sentence

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement based on possession of a firearm during a drug trafficking offense; (4) counsel failed to request a downward adjustment based on being a minor or minimal participant; and (5) counsel failed to object to the drug quantity attributed to Thomas at sentencing.

In her § 2255 motion, Thomas alleged that she requested her court-appointed attorney to file an appeal on her behalf, but that counsel failed to do so. Counsel submitted an affidavit stating that Thomas did not request an appeal. The failure of counsel to effect an appeal of right upon request of her client may constitute ineffective assistance, if the client relied upon counsel's unprofessional errors and it resulted in the denial of a right to appeal. *See Penson v. Ohio*, 488 U.S. 75, 88-89 (1988); *United States v. Gipson*, 985 F.2d 212, 214 (5th Cir. 1993). Without conducting an evidentiary hearing, the district court credited counsel's affidavit and found Thomas' allegations to be mere "conclusory allegations."

The district court abused its discretion when it resolved without the benefit of an evidentiary hearing the issue whether Thomas requested that her attorney file an appeal. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Contested issues of fact in a § 2255 case may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). Thomas would have been entitled to relief in the form of an out-of-time appeal if her factual allegations were proved true; therefore, an evidentiary hearing

was required. *See Mack v. Smith*, 659 F.2d 23, 25-26 (5th Cir. 1981).

Accordingly COA is GRANTED on the issue whether the district court abused its discretion when it denied Thomas' § 2255 motion without an evidentiary hearing and on the issue whether counsel was ineffective for failing to file an appeal. The district court's order is VACATED and the case REMANDED to the district court to conduct an evidentiary hearing on this issue. We pretermit consideration of Thomas' remaining claims pending a determination whether she is entitled to an out-of-time appeal. *See Mack*, 659 F.2d at 26.

COA GRANTED in part; VACATED and REMANDED.